LEHAN, Judge.
Defendant appeals from the vacating of her sentence for trafficking in cocaine and the reimposition of a harsher sentence more than sixty days after her original sentence had been imposed, after she had begun serving her original sentence, and after the expiration of the term of court in which the original sentence had been imposed. We affirm.
The evidence supports the trial court’s finding that after her original sentencing defendant violated the plea agreement which had been the basis of that sentence and which had required her to testify truthfully in a specific manner against a code-fendant. See Brown v. State, 367 So.2d 616, 623 (Fla.1979) (“[T]he double jeopardy clause does not bar the reprosecution of an accused who willfully refuses to perform a condition of a guilty plea which has been accepted by the trial court on that basis.”). See also Goene v. State, 577 So.2d 1306, *681 1307-08 (Fla.1991) (when a defendant, as a result of some “affirmative action on the part of the defendant,” “had no legitimate expectation of finality in the sentence originally imposed ... there is no double jeopardy prohibition against reimposition of a correct sentence” after the defendant has begun serving the original sentence).
We certify to the Florida Supreme Court as a question of great public importance whether a harsher sentence may be imposed, as in this case, either after expiration of the term of court in which the original sentence had been imposed or more than sixty days after the date of the original sentence. In this regard we have in mind (a) that the common law limitation that a sentence can only be modified within the same term of court has apparently been abandoned in favor of “the rules of court” except for sentences “which are the product of fraud, collusion, deceit, mistake, etc.,” the circumstances of this case not having been shown to involve fraud, collusion, deceit, or mistake at the time of the original sentence, see State v. Burton, 314 So.2d 136, 138 (Fla.1975); (b) the only potentially applicable rule of court, rule 3.800, Fla.R.Crim.P., does not contain a sixty-day limitation on the time in which a sentence can be increased under the circumstances of this case, compare State v. Martin, 577 So.2d 689 (Fla. 1st DCA 1991) (pursuant to the provisions of rule 3.800, which provides that “[a] court may ... modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within sixty days....”, a sentence may not be modified after 60 days following its imposition to impose restitution as a condition of probation); and, (c) neither Brown nor Goene deals with (a) or (b), nor has any other authority doing so definitively come to our attention.
CAMPBELL, A.C.J., concurs.
PARKER, J., concurs specially, in which CAMPBELL, A.C.J., concurs.