599 So.2d 645 (1992)
Rhonda McCOY, Petitioner,
v.
STATE of Florida, Respondent.
No. 78316.
Supreme Court of Florida.
April 30, 1992.
*646 James Marion Moorman, Public Defender and Brad Permar, Asst. Public Defender, Tenth Judicial Circuit, Clearwater, for petitioner.
Robert A. Butterworth, Atty. Gen. and Dell H. Edwards, Asst. Atty. Gen., Tampa, for respondent.
OVERTON, Justice.
We have for review McCoy v. State, 582 So.2d 680 (Fla.2d DCA 1991), in which the district court affirmed the trial court's order vacating McCoy's plea and the imposition of a harsher sentence because McCoy did not testify in accordance with prior statements given to law enforcement officials. The district court certified the following question as being of great public importance:[1]
Whether a harsher sentence may be imposed, as in this case, either after expiration of the term of court in which the original sentence had been imposed or more than sixty days after the date of the original sentence.
Id. at 681. Under the circumstances of this case, we answer the question in the negative because the terms of the plea agreement allegedly violated by McCoy were never expressly presented to the court. We also find it important to establish a definitive process that authorizes the trial court to vacate a plea agreement when a defendant has failed to testify as specifically agreed to in a plea agreement entered into with the court's express approval.
A full chronological history of the facts of this case is necessary to understand our resolution of this issue. On October 7, 1988, McCoy was arrested for trafficking in cocaine based on her sale of over twenty-eight grams of cocaine to an undercover detective. On that day, McCoy gave a statement to the detective identifying the individual from whom she had obtained the cocaine. She was also interviewed by a Florida Department of Law Enforcement agent and stated that she wished to assist law enforcement and testify against the supplier of the cocaine.
On December 1, 1988, McCoy again gave a full statement of this incident to the state attorney's investigator. On December 19, 1988, McCoy entered a plea of guilty in open court. The record reflects that she was charged with trafficking in cocaine and two violations of community control. Nothing in the plea colloquy in open court reflects any agreement or discussion concerning McCoy's testimony against her supplier.[2] Furthermore, the written plea *647 form executed by McCoy on December 19, 1988, states in the disposition portion: "The disposition will be adjudication, 5 yrs. DOC followed by 3 1/2 yrs. probation, standard drug conditions, waiver of search and seizure, etc.; $50,000 fine." The record reflects that this sentence was a downward departure based on the plea agreement. The guidelines sentence for this offense was nine-to-twelve years, with a three-year minimum mandatory sentence.
On January 17, 1989, McCoy gave another statement to the state attorney's investigator concerning this incident, which included specific information concerning her supplier. The following day, January 18, 1989, the plea agreement was implemented in open court. No reference or statement was made before the court concerning McCoy's testimony against her supplier as a condition of the plea.[3] The court entered a standard judgment, sentence, and order *648 that placed the defendant on probation during a portion of the sentence. That written order states, in part: "After you are released on probation you shall comply with the following conditions of probation: ... (21) You shall give truthful testimony whenever asked."
On May 2, 1989, McCoy was brought to testify against her supplier. Her testimony was proffered outside the presence of the jury. She was asked by the prosecution about a drug deal involving the supplier and asked whether she remembered delivering or receiving cocaine from him. She answered that, based on her statement to the law enforcement officers, she "evidently" had been involved in such a transaction. McCoy then said that she couldn't remember the events clearly because of her addiction to cocaine. She later stated that, due to her memory lapse, she did not want to lie by saying she remembered something that she did not. McCoy also testified that she could not remember what she did with the money she collected from the detective as payment for the cocaine. She previously had given clear statements to law enforcement investigators concerning each of these incidents.
On July 19, 1989, more than sixty days after her testimony at her supplier's trial, the State filed a motion to resentence McCoy or, in the alternative, to allow her to withdraw her plea due to her failure to comply with the agreement entered into on January 18, 1989. On September 11, 1989, the trial court, in considering this motion, found that McCoy "clearly and unequivocally breached her agreement with the state attorney's office." (Emphasis added.) The court also determined that McCoy should be allowed to withdraw her plea. In considering McCoy's motion to dismiss on the grounds that it no longer had authority to vacate the plea, the court denied the motion and stated that "Mrs. McCoy's lapse of memory was a farce at best," and set the case for trial.
On April 2, 1990, McCoy pleaded no contest to trafficking in cocaine but reserved her right to appeal the trial court's denial of her motion that sought to have her plea withdrawal set aside and the original sentence reinstated. The trial court then sentenced McCoy to twelve years in prison, three of which were a mandatory minimum, plus a fine.
McCoy appealed the vacating of her sentence for trafficking in cocaine and the imposition of a harsher sentence more than sixty days after her original sentence had been imposed, after she had begun serving her original sentence, and after the expiration of the term of court in which the original sentence had been imposed. The Second District Court of Appeal affirmed, stating that "the trial court's finding that after her original sentencing defendant violated the plea agreement which had been the basis of that sentence and which had required her to testify truthfully in a specific manner against a codefendant" was supported by the evidence. McCoy, 582 So.2d at 680. We disagree.
*649 In her petition, McCoy argues that, in light of the ambiguous terms of the plea agreement, she did not perpetrate a fraud on the court when she stated that she could not testify due to a lapse in her memory. McCoy argues that, because the terms of the plea agreement require only that she testify "truthfully," she complied entirely by truthfully stating that she could not remember. She asserts that, if the prosecutors entered into the plea agreement based on the condition that she testify "truthfully" in a certain fashion, the prosecutors should have established on the record the benefit they expected to receive from her testimony. McCoy asserts that this situation is the reason this Court, in State v. Acosta, 506 So.2d 387 (Fla. 1987), required that prosecutors take the steps necessary to protect their interests when negotiating plea agreements.
The State asserts that McCoy violated the plea agreement that had been the basis for her sentence, which required her to testify truthfully in a specific manner against her supplier. The State argues that, because of her failure to testify against her supplier, the judgment and sentence were the product of fraud and deceit and can be vacated at any time. The State's argument must fail because, as noted earlier, there is no evidence in the record of the plea proceedings that indicates what benefit the State expected to receive from McCoy's testimony. This is not a case where a misrepresentation was directly perpetrated on the court, as in Goene v. State, 577 So.2d 1306 (Fla. 1991). In Goene, the defendant affirmatively misrepresented his identity at the time of his sentencing. This is also not a case where the defendant refused to testify.
In this case, the State failed to introduce, as part of the plea agreement, that McCoy was to testify at the trial of the supplier in accordance with statements she had previously made to law enforcement officials. None of the terms in the written plea agreement or statements made during the plea colloquy were violated by McCoy's failure to testify against her supplier. There can be no fraud perpetrated on the court where the terms allegedly breached are not before the court. Furthermore, rule 3.800, Florida Rules of Criminal Procedure, is not applicable to this situation. As the committee note to rule 3.800 states, the authority to modify does not include the authority to increase the sentence.
We do not condone McCoy's conduct in this instance. Any fraud perpetrated by McCoy in this case was on the state attorney and investigating officials, not the court. As implied in Acosta, when entering into a plea agreement, the State must make sure that the specific terms of the agreement are made a part of the plea agreement and the record. In this instance, it would have been adequate if it had been stated, as part of the plea agreement, that McCoy would testify truthfully in any criminal action against her supplier in accordance with identified statements that she had previously given to law enforcement officials.
The State's ability to have a breached plea agreement vacated is not without its limitations. "Fraud on the court" would be a difficult method for the prosecution to obtain relief in this type of situation. To establish "fraud on the court" requires the application of an established process that has substantial legal principles and restrictions, which would make it difficult, if not impossible, to apply in plea situations. See DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984).
We find it more appropriate to establish a definitive procedural rule that would provide the prosecution with a method of addressing a defendant's noncompliance with the specific terms of a plea agreement. Pending adoption of a permanent rule, we find the following to be the appropriate procedure. First, the terms of the plea agreement that are the subject of noncompliance must be expressly made a part of the plea entered into in open court. Second, the State, in moving to vacate the plea agreement on grounds of noncompliance, must file the motion seeking vacation of the plea and sentence within sixty days of the time of the defendant's noncompliance with the specific terms of that agreement. *650 Third, the defendant must have a full opportunity to be heard at an evidentiary hearing on the issue. Fourth, to vacate the plea and sentence, the court must find that there has been substantial noncompliance with the express plea agreement. Finally, upon vacating the plea, the cause must be set for trial within ninety days of the order vacating the plea.
In the instant case, the terms of the plea agreement allegedly violated were not part of the court record and, under these circumstances, the court could not vacate the judgment and sentence. Accordingly, we quash the decision of the district court and remand with directions that the original sentence imposed in this case be reinstated. We also request that The Florida Bar Committee on Criminal Rules submit, on or before October 1, 1992, a proposed rule of procedure for vacating pleas and sentences after noncompliance with the plea agreement.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
[2] The relevant portion of the plea colloquy is as follows:

[STATE ATTORNEY]: On Mrs. McCoy, we're going to take a plea and set off sentencing some time in the future.
[PUBLIC DEFENDER]: Before Court is Mrs. Ronda McCoy. She has several cases. The first one is case number CRC 88-14271, which is a charge of trafficking in cocaine. And she also has two violations of community control, which is 86-03338, and 85-1294. At this time we have negotiated a plea wherein Mrs. McCoy would admit the violations of probation charges and enter a plea of guilty to the charge of trafficking in cocaine, with the understanding that she would be adjudicated guilty and sentenced to five years in the Department of Corrections with three years minimum mandatory sentence that would be followed by three years probation with all the standard drug conditions, plus alcohol conditions. And she would receive the $50,000 fine.
Additionally, we have worked out an agreement to allow Mrs. McCoy to report on I think it's January 16th at 1:45 for sentencing. And the Court would ROR her on this date with the understanding that she would be going to Quest Inn at 509 North Fort Harrison to reside there until her child is returned to her by H.R.S. At that time, she would be taking the child to her father in Missouri and returning here for sentencing on January 16th on the violation of probation charges. I would ask the Court to sentence her to five years concurrent time on the two violations of probation. If the Court would approve that agreement, she would be tendering her pleas at this time.
[STATE ATTORNEY]: Let me interrupt for a [moment]. Part of her negotiations, she has an outstanding driving under the influence charge that is supposed to be part of this plea. That would all go in to be concurrent.
[PUBLIC DEFENDER]: It's been taken care of. She went to court on the misdemeanor charges last Friday.
THE COURT: Raise your right hand.
THEREUPON, RONDA MCCOY was called as a witness and after having been first duly sworn on oath, was examined and testified as follows:
THE COURT: What's your name[?]
THE DEFENDANT: Ronda McCoy.
THE COURT: How old are you?
THE DEFENDANT: Twenty-seven.
THE COURT: How much education do you have?
THE DEFENDANT: Pardon me.
THE COURT: How much education do you have?
THE DEFENDANT: Twelfth grade.
THE COURT: What type of work have you done?
THE DEFENDANT: Waitressing.
THE COURT: May we have a factual basis?
[STATE ATTORNEY]: Judge, I can rely on the affidavit in case number 12984 with the delivery of cocaine, in which she had community control on her first violation back on February 19th. Originally, she was receiving community control and probation on February 15th, 1986. As to the grand theft charge on 86-3338, that's also a violation of probation. I will rely on the warrant and affidavit. She was originally sentenced to three years probation, two years community control back in February of '88 on her first violation of probation.
This charge, Judge, I don't have the file with me. This is a person with ounce and half of cocaine. Went to her source of supply, a co-defendant, Mr. Devico. The person she sold to was an undercover officer of the Pinellas County Sheriff's Department.
THE COURT: Have you had an opportunity to go over the facts of all these cases and violations with your lawyer?
THE DEFENDANT: Yes, sir, your Honor.
THE COURT: Do you have any questions about the factual basis for any of them?
THE DEFENDANT: No.
THE COURT: Do you understand what the sentence is going to be?
THE DEFENDANT: No, sir.
THE COURT: You understand that I am not bound by this sentence if you don't show up on the 16th or if you get in any trouble while you're out. Do you understand that?
THE DEFENDANT: Yes, sir, there won't be any trouble.
THE COURT: The Court will accept the pleas. I'll adjudicate the defendant to be guilty of each of the violations on the underlying charges and the new charge. I'll set sentencing for 16 January at 1:45.
THE DEFENDANT: Thank you.
[3] The relevant portion of the sentencing colloquy is as follows:

[STATE ATTORNEY]: Judge, this is just a sentencing, probably  was there a change of plea already entered?
[PUBLIC DEFENDER]: There was a previous.
THE COURT: At that time the Court would have reviewed the factual basis, and you don't have any questions with it?
THE DEFENDANT: No.
I would just like to say something. I just wanted to tell the Court that I appreciate it very much for trusting me to let me out to take my daughter to a place in Missouri, and I got everything legally done as far as her care with my father. And I just wanted the Court to know that I appreciated them trusting me to come back.
THE COURT: Okay. Well, I'm glad that everything worked out and that we can dispose of it as we originally discussed. And I will, at this time, adjudicate the defendant and sentence her to five years in the Department of Corrections and give her credit for time served and give her three and a half years of probation and waiver of the search and seizure of a person and residence at any time to be required at her expense, counseling to be included, fine in the amount of $50,000.00 will be imposed as well as Court cost[s] in the amount of $242.50 and a public defender's lien.
[STATE ATTORNEY]: Judge, two other things would be the minimum mandatory needs to be announced which is three years.
THE CLERK: That's just on the one case?
[STATE ATTORNEY]: Yes.
And additionally, there will be a requirement of her testimony if she's called upon.
THE COURT: You understood that, did you not?
THE DEFENDANT: Yes, sir.
(Whereupon, these proceedings were concluded.)
(Emphasis added.)