623 So.2d 1211 (1993)
William SPENCER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2846.
District Court of Appeal of Florida, Fourth District.
September 1, 1993.
Richard L. Jorandby, Public Defender and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
Spencer was charged with probation violations, burglary of a dwelling, and grand theft. Under an agreement with the state, he admitted the probation violations and pled no contest to the other charges. His agreement required that he "testify truthfully if required." It did not specify the subject of his testimony or identify earlier statements to law enforcement authorities. In return the state promised to recommend concurrent 3 1/2 year sentences to be followed by 1 year of probation.
Weeks later at the sentencing hearing, the state sought to withdraw from the agreement and change its sentencing recommendation. Claiming that Spencer had breached his promise to testify truthfully, the state charged that in an interview held after the agreement had been reached and accepted by the court he directly contradicted a statement previously given to the state's investigator upon which the state had relied in entering into the agreement.[1]
*1212 The state argued that it should not be bound by an agreement that the defendant had breached. It recommended, instead, a sentence at the top of the permitted range. Defense counsel urged the court to enforce the agreement and explained that Spencer could in no way have breached his duty to testify truthfully when he never had been listed as a witness or called to testify at the trials of his codefendants. Ultimately the court sentenced him to two 5 1/2 year concurrent sentences and 1 year of probation. Immediately thereafter, defendant moved to withdraw his plea, but the motion was denied.
We are unable to agree that Spencer breached the agreement. We find this case indistinguishable from McCoy v. State, 599 So.2d 645 (Fla. 1992). In McCoy the plea agreement, as here, provided for a plea in return for a specific sentence recommendation by the state. The supreme court noted, however, that "[n]othing in the plea colloquy in open court reflects any agreement or discussion concerning McCoy's testimony against her supplier." 599 So.2d at 646. After she had begun to serve her agreed sentence, the state moved to withdraw the plea on the basis that her proffered trial testimony was a breach of the agreement. In contrast to earlier statements she had given to police officials, she testified out of the presence of the jury that she had no memory of the transactions in question because of cocaine abuse. When the motion was granted, she appealed.
In finding no breach by the defendant in McCoy, the supreme court explained:
"In this case, the State failed to introduce, as part of the plea agreement, that McCoy was to testify at the trial of the supplier in accordance with statements she had previously made to law enforcement officials. None of the terms in the written plea agreement or statements made during the plea colloquy were violated by McCoy's failure to testify against her supplier. There can be no fraud perpetrated on the court where the terms allegedly breached are not before the court.
* * * * * *
"Any fraud perpetrated by McCoy in this case was on the state attorney and investigating officials, not the court. * * * [W]hen entering into a plea agreement, the State must make sure that the specific terms of the agreement are made part of the plea agreement and the record. In this instance, it would have been adequate if it had been stated, as part of the plea agreement, that McCoy would testify truthfully in any criminal action against her supplier in accordance with identified statements that she had previously given to law enforcement officials." [e.s.]
599 So.2d at 649.
The result and reasoning in McCoy are fully applicable to this case. The mere fact that Spencer's later statement contradicted his initial statement does not constitute a breach of an agreement merely to testify truthfully, without reference to any identified previous statement. As in McCoy, if the state failed to make it an express part of the agreement that he was expected to testify in accordance with his initial statement, the trial court was precluded from finding that he had breached the agreement actually reached.[2]
To the state's contention that the only available remedy is withdrawal of the plea, as indeed this trial judge also concluded, we respond that the law is decidedly to the contrary. As the supreme court very recently said in an identical context:

*1213 "A `constant factor' insuring basic fairness in the plea bargaining process is the requirement that `when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971)."
Hunt v. State, 613 So.2d 893, 897 (Fla. 1992). Later, the court added:
"When an agreement with the defendant has not been fulfilled, the defendant is entitled to specific performance of the unfulfilled promise or to withdrawal of [the] plea. Santobello, 404 U.S. at 263, 92 S.Ct. at 499. In this case, we believe that specific performance is the adequate remedy."
613 So.2d at 898. We carefully note that the court in Hunt explicitly relied on McCoy in holding that there was no written or record plea agreement containing the precise bargain that the state contended had been breached.
In choosing between specific performance and withdrawal of a plea to relieve a defendant from the state's breach of an agreement, the court "ought to accord a defendant's preference considerable, if not controlling weight * * *." Santobello, 404 U.S. at 265, 92 S.Ct. at 501 (Douglas, J., concurring); accord: U.S. v. Rewis, 969 F.2d 985 (11th Cir.1992). Here, Spencer demonstrated with unmistakable clarity his strong preference for specific performance. Plainly, withdrawal of the plea would not remedy the loss of his bargain or inducement in deciding to plead.
We reverse and remand for resentencing before another judge with instructions that the state make a sentencing recommendation in accordance with its plea agreement.
REVERSED AND REMANDED WITH DIRECTIONS.
GLICKSTEIN, J., concurs.
DOWNEY, JAMES C., Senior Judge, specially concurs with opinion.
DOWNEY, JAMES C., Senior Judge, concurring specially.
I concur in the reversal of the judgment and sentence appealed from because the record demonstrates confusion as to what the parties agreed to in their negotiated plea. Under those circumstances it appears the appropriate action to be taken is withdrawal of the proposed plea. However, because appellant apparently played a prominent part in the failure of the proposed agreement I do not believe specific performance is indicated. His last request of the trial court was withdrawal of the plea. I would reverse the judgment and sentence and direct the trial court to allow withdrawal of the plea and submit the case to trial.
NOTES
[1] In his first statement, he said that the man who drove him and his codefendant to and from the victim's home was fully aware that he was participating in a burglary. In the later interview he said that the driver had no such knowledge.
[2] Technically, McCoy involved an attempt by the state to withdraw from the plea agreement and force the defendant to trial after defendant had already been sentenced and begun serving the sentence. In contrast, this case involves an appeal from a sentence imposed after the state was allowed by the judge at the original sentencing hearing to withdraw from the agreement. We see this procedural distinction as unimportant. If the defendant has not breached a plea agreement and is entitled to specific performance, it matters little that he raises the issue on appeal from the original sentence rather than on appeal from a court authorized resentencing. Once the trial court refused to enforce the state's bargain, he has established the record basis for the appeal.