PER CURIAM.
The Florida Bar Criminal Procedure Rules Committee petitions this Court to amend Florida Rules of Criminal Procedure 3.170 and 3.700. We have jurisdiction. Art. V, § 2(a), Fla. Const.
The proposed amendment to Florida Rule of Criminal Procedure 3.170 is in response to this Court’s request in McCoy v. State, 599 So.2d 645 (Fla.1992). In McCoy, we adopted a procedure for vacating pleas and sentences when a defendant fails to comply with the plea agreement and requested a proposed rule on the subject from the Rules Committee. The Committee’s proposed amendment to rule 3.170(g) is in accord with our decision in McCoy.
The proposed amendment to rule 3.700 is also in response to a request by this Court. The requested amendment was to reflect the procedure, outlined in Corbett v. State, 602 So.2d 1240 (Fla.1992), that is to be followed in capital cases when a new judge is substituted between the sentencing phase of the trial and the actual sentencing. The proposed amendment excepts capital cases from the purview of subdivision (c) of the rule, thus making clear that the rule does not apply to capital cases. However, it does not *1057 provide the procedure to be followed in capital cases. Rather, the proposed Committee Note states that the procedure to be used in capital cases is detailed in Corbett.
The only comment received in connection with this petition urges us to adopt a rule that expressly provides the procedure set forth in Corbett., We agree that there is no reason for a rule of procedure to refer readers to case law when the procedure to be followed can be readily recited in the rule itself.
Accordingly, we adopt the appended amendments to rule 3.170, as proposed by the Committee. However, we reject the Committee’s proposed amendment to rule 3.700(c) and in its place adopt the appended amendment, reflecting the procedure outlined in Corbett. The new language is indicated by underscoring; deletions are indicated by strike-through type. These rules shall become effective upon the release of this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.
APPENDIX
RULE 3.170. PLEAS
(a) Types of Plea; Court’s Discretion. A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contende-re. Except as otherwise provided by these rules, all pleas to a charge shall be in open court and shall be entered by the defendant. If the sworn complaint charges the commission of a misdemeanor, the defendant may plead guilty to the charge at the first appearance under rule 3.130, and the judge may thereupon enter judgment and sentence without the necessity of any further formal charges being filed. A plea of not guilty may be entered in writing by counsel. Every plea shall be entered of record, but a failure to enter it shall not affect the validity of any proceeding in the cause.
(b) Pleading to Other Charges. Having entered a plea in accordance with this rule, the defendant may, with the court’s permission, enter a plea of guilty or nolo contendere to any and all charges pending against him or her in the State of Florida over which the court would have jurisdiction and, when authorized by law, to charges pending in a court of lesser jurisdiction, if the prosecutor in the other case or cases gives written consent thereto. The court accepting such a plea shall make a disposition of all such charges by judgment, sentence, or otherwise. The record of the plea and its disposition shall be filed in the court of original jurisdiction of the offense. If a defendant secures permission to plead to other pending charges and does so plead, the entry of such a plea shall constitute a waiver by the defendant of venue and all nonjurisdictional defects relating to such charges.
(c) Standing Mute or Pleading Evasively. If a defendant stands mute, or pleads evasively, a plea of not guilty shall be entered.
(d) Failure of Corporation to Appear. If the defendant is a corporation and fails to appear, a plea of not guilty shall be entered of record.
(e) Plea of Not Guilty; Operation in Denial. A plea of not guilty is a denial of every material allegation in the indictment or information on which the defendant is to be tried.
(f) Withdrawal of Plea of Guilty. The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea, of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty. The fact that a defendant may have entered a plea of guilty and later withdrawn the plea may not be used against the defendant in a trial of that cause.

(g) Vacation of Plea and Sentence Due to Defendant’s Noncompliance.

(1) Whenever a plea agreement requires the defendant to comply with some specific terms, those terms shall be expressly made a part of the plea entered into in open court.

*1058
(2) Unless otherwise stated at the time the plea is entered:

(A) The state may move to vacate a plea and sentence within 60 days of the defendant’s noncompliance with the specific terms of a plea agreement.

(B) When a motion is filed pursuant to subdivision (g)(2)(A) of this rule, the court shall hold an evidentiary hearing on the issue unless the defendant admits noncompliance with the specific terms of the plea agreement.

(C) No plea or sentence shall be vacated unless the court finds that there has been substantial noncompliance with the express plea agreement.

(D) When a plea and sentence is vacated pursuant to this rule, the cause shall be set for trial within 90 days of the order vacating the plea and sentence.

(gh) Plea of Guilty to Lesser Included Offense or Lesser Degree. The defendant, ■with the consent of the court and of the prosecuting attorney, may plead guilty to any lesser offense than that charged that is included in the offense charged in the indictment or information or to any lesser degree of the offense charged.
(hi) Plea of Guilty to an Offense Divided into Degrees; Determination of the Degree. When an indictment or information charges an offense that is divided into degrees without specifying the degree, if the defendant pleads guilty, generally the court shall, before accepting the plea, examine witnesses to determine the degree of the offense of which the defendant is guilty.
(¾) Time and Circumstances of Plea. No defendant, whether represented by counsel or otherwise, shall be called on to plead unless and until he or she has had a reasonable time within which to deliberate thereon.
(jfc) Responsibility of Court on Pleas. No plea of guilty or nolo contendere shall be accepted by a court without the court first determining, in open court, with means of recording the proceedings stenographically or mechanically, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its volun-tariness and that there is a factual basis for . the plea of guilty. A complete record of the proceedings at which a defendant pleads shall be kept by the court.
Committee Notes
1968 Adoption, (a) Patterned after the major portion of Federal Rule of Criminal Procedure 11.
(b) Same as section 909.07, Florida Statutes, except the word “made” is substituted for “pleaded.”
(c) Taken from a part of section 908.03, Florida Statutes.
(d) Taken from a part of section 908.03, Florida Statutes.
(e) Same as section 909.16, Florida Statutes, except that provision is added for trial by affidavit.
(f) Essentially the same as section 909.13, Florida Statutes.
(g) Essentially the same as section 909.09, Florida Statutes, except for the addition of the charge by affidavit.
(h) Same as section 909.11, Florida Statutes, except provision is made for a charge by affidavit.
1972 Amendment. This general topic is found in ABA Standard relating to pleas of guilty. The Standards are divided into 3 parts: receiving and acting upon a plea; withdrawal of the plea; and plea discussions and plea agreements. The first and second parts are considered under this rule.
(a) Same as first part of existing rule; substance of -second sentence of existing rule transferred to new subdivision (j); new provision permits, with court approval, plea of not guilty to be made in writing.
(b) From ABA Standard 1.2; the purpose of this rule is to permit a defendant to plead guilty or nolo contendere to all cases pending against the defendant, thus avoiding multiple judicial and prosecutorial labors. New concept of permitting this procedure even though the other cases are pending in other counties is taken from Federal Rule of Criminal Procedure 20 which has successfully met the purpose explained above.
*1059 (e)Same as prior rule.
(d) Same as prior rule.
(e) Same as prior rule.
(f) Last sentence added from ABA Standard 2.2.
(g) Same as prior rule.
(h) Same as prior rule.
(i) This should be done in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and Garcia v. State, 228 So.2d 300 (Fla.1969). This should also include advising a defendant so pleading of the possibility of an action or charge against him or her as a multiple felon if the circumstances so warrant.
(j) From first sentence of present rule 3.170(a) with addition of requirement of determination of factual basis for a plea of guilty as provided by last sentence of federal rule 11. While requiring the presence of a court reporter, the proposed rule does not require that the reporter transcribe and file a transcript of the proceedings on a plea of guilty or nolo contendere, although the committee considers that such a requirement by the trial judge is desirable.
1973 Amendment. The purpose of this amendment is to provide a method whereby a defendant may plead guilty to a misdemeanor at first appearance without the necessity of the state attorney subsequently filing an information.
RULE 3.700 SENTENCE DEFINED; PRONOUNCEMENT AND ENTRY; SENTENCING JUDGE
(a) Sentence Defined. The term sentence means the pronouncement by the court of the penalty imposed on a defendant for the offense of which the defendant has been adjudged guilty.
(b) Pronouncement and Entry. Every sentence or other final disposition of the case shall be pronounced in open court. The final disposition of every case shall be entered in the minutes in courts in which minutes are kept and shall be docketed in courts that do not maintain minutes.
(c) Sentencing Judge.
(1) Noncapital Cases. In any case, other than a capital case, those-eases in which it is necessary that sentence be pronounced by a judge other than the judge who presided at trial or accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.
(2) Capital Cases. In any capital case in which it is necessary that sentence be pronounced by a judge other than the judge who presided at the capital trial, the sentencing judge shall conduct a new sentencing proceeding before a jury prior to passing sentence.
Committee Notes
1968 Adoption. This rule is a revamped version of section 921.05, Florida Statutes.
1972 Amendment. Subdivisions (a) and (b) are substantially the same as in former rule. Subdivision (c) was added to emphasize that the sentencing procedure should be conducted by the trial judge or the judge taking the plea. The rule makes provision for emergency situations when such judge is unavailable.