GRIFFIN, Judge.
Robert Mason (“Mason”) timely appeals his sentencing as a habitual violent felony offender. Because we are unable to affirm on this record, we vacate the sentence and remand for a new sentencing hearing.
Mason pled guilty to two counts of armed robbery in exchange for a guidelines sentence. The sentence was conditioned on Mason’s compliance with a “substantial assistance” agreement he executed with the state. In the event of noncomplianee, the agreement provided that Mason would be habitual-ized as a violent felony offender.
Mason’s threshold argument, which we reject, is that the substantial assistance agreement is unenforceable because it was not made part of the written plea. See McCoy v. State, 599 So.2d 645, 649 (Fla.1992). The plea colloquy reveals that the plea expressly required compliance with a substantial assistance agreement that had been executed by both parties. The terms of the agreement can be determined by reference to the document and there is no requirement that it be incorporated into the plea. The McCoy court plainly intended that the terms of the substantial assistance agreement be certain and ascertainable as of the time of the plea, not necessarily that they physically be a part of the plea. 599 So.2d at 647-649.
The record of the sentencing hearing indicates that Mason did violate his substantial performance agreement in one or, perhaps, two material respects. Although all concerned evidently had copies of the agreement at the hearing, it was not made a part of the record at sentencing and we have been unable to divine with certainty its terms from the record on appeal. It is impossible for this court to tell whether, as the state asserts, Mason violated the agreement by the manner in which he testified at the trial of his co-defendant and whether the statement Mason gave to the prosecutor was a substantial violation of his obligation to give a “sworn and truthful statement.” The statement Mason gave to the prosecutor also was not made a part of the record, so that we are unable to compare the statement with Mason’s obligations under the agreement.
Accordingly, we vacate the sentence and remand for a new sentencing hearing that will create a record adequate to determine on appellate review whether appellant is entitled to the benefits of the substantial assistance agreement.
HARRIS, C.J., and W. SHARP, J., concur.