NESBITT, Judge.
Roberto Angel Espinosa pled guilty to the charged offense of burglary of an unoccupied dwelling in exchange for a fifteen year sentence. The sentence was conditioned on Es-pinosa’s compliance with an agreement he executed with the state. In the event of noneompliance, the agreement provided that Espinosa would, at the option of the state, be subject to a thirty year sentence. Later, the defendant plainly lied during giving of testimony and at the state’s urging, he was sentenced by the trial court to a thirty year sentence. Espinosa timely appeals the sentence which followed the trial court’s finding of noncompliance.
When entering into a plea agreement, the state must make sure that the specific terms of the agreement are made a part of the plea agreement and the record. McCoy v. State, 599 So.2d 645, 649 (Fla.1992). In the instant case, the plea agreement and attached proffer provided that Espinosa would testify truthfully and specifically enumerated two criminal episodes involving Espinosa and his cohort Perez. However Espinosa was found in violation of his plea agreement for failing to testify consistently with a statement he had given to law enforcement officers seven months prior to the plea, relating to a crime not enumerated in the plea and proffer, occurring at a different time, at a different location, and with a different weapon from those enumerated offenses. Because the plea did not specifically require that Espinosa testify in accordance with this previous statement, we conclude that he could not be found to have violated his plea agreement on that basis. See Spencer v. State, 623 So.2d 1211 (Fla. 4th DCA 1993).
The deficiency in this agreement is plainly encapsulated within the maxim, expressio unius est exclusio alterius. “If one subject is specifically named [in a contract], or if several subjects of a large class are specifically enumerated, and there are no general words to show that other subjects of that class are included, it may reasonably be inferred that the subjects not specifically named were intended to be excluded.” 3 Corbin on Contracts § 552 (1960).
For the forgoing reasons, the sentence is vacated and the case remanded for resen-tencing of the defendant to his original fifteen-year sentence.