SORONDO, Judge
(concurring specially).
I agree with the majority that the sentence of the trial court must be reversed. The Supreme Court’s decision in McCoy v. State, 599 So.2d 645 (Fla.1992) compels this result. I write separately to point out that the enhanced sentence in that case was reversed because the plea agreement was held to be vague in that it did not clearly require the defendant to testify at the trial of her drug supplier in accordance with statements she had previously made to the police. The Court stated:
[W]hen entering into a plea agreement, the State must make sure that the specific terms of the agreement are made part of the plea agreement and the record.... It would have been adequate if it had been stated, as part of the plea agreement, that McCoy would testify truthfully in any criminal action against her supplier in accordance with identified statements that she had previously given to law enforcement officials.
The holding was clearly predicated on the vagueness of the agreement. The same problem dooms the enhanced sentence here.
I am reluctant to decide this ease, or to suggest that it has been decided, on the basis of a doctrine of contract law.[1] The issue to be decided in cases such as this is whether the plea agreement, in conjunction with the plea colloquy, was sufficiently clear to apprise the defendant of his or her responsibilities thereunder. Even if a written plea agreement is silent on the critical issue of *1018 what “truthful testimony” the state expects in return for its recommendation of leniency, if the court defines the nature of such testimony by explaining to the defendant during the plea colloquy that he is expected to testify consistently with his previous statement to the police, the plea agreement would nevertheless be enforceable under McCoy even though the explanation of the state’s expectations was not included in the written agreement. It is unlikely that traditional concepts of contract law would allow such “parol” modification of a written contract.

. Although Professor Corbin apparently discusses the doctrine of expressio unius est exclusio alterius as one of contract law, it is more commonly applied in the area of statutory construction. Because the majority opinion mentions the concept within the framework of contract law, however, this concurrence addresses it in the same context.