SUAREZ, J.
This is an appeal from an order of revocation of probation and sentence, entered upon a guilty plea, and a conviction and sentence for direct criminal contempt. We reverse and remand.
In 2004, the defendant was sentenced for grand theft auto and placed on probation for a period of one year. In 2005, he pled guilty to a violation of probation for use of drugs. As part of the terms of the plea agreement, the defendant agreed to plead guilty in exchange for a sentence of five years with a furlough with the possibility of mitigating the sentence by assisting the police conditioned upon favorable results for his assistance. At the defendant’s plea colloquy, he admitted his violation of probation, and the trial judge revoked the defendant’s probation and sentenced him to five years in state prison with a thirty-day furlough to give him a chance to mitigate his sentence. The terms of the plea included providing Detective Edwards of the Miami-Dade Police Department with information leading to the recovery of a '66 Corvette engine and locating a chop shop in Cutler Ridge, at least seven vehicles, five to seven air boat parts and a Miami fencing operation.
At the defendant’s sentencing hearing, Detective Edwards reported on the status of the defendant’s cooperation. He testified that the defendant produced a chop shop with several stolen vehicle parts, a Corvette and a stolen handgun as well as a lead to a tractor. The detective was of the opinion that the defendant had accomplished one-third of what he had agreed to do. The trial judge sentenced the defendant to five years and reduced the sentence to four-and-one-half years plus time served with the addition of six months for *921 direct criminal contempt of court for using profanity when the sentence was pronounced. The judge stated on the record that one year of the sentence was for aggravating circumstances.[1] The trial judge failed to delineate on the record the reasons for the aggravating circumstances as part of the sentence. Because the trial judge erred in basing his sentence on unspecified aggravating circumstances, we reverse the sentence and remand for an evidentiary hearing based strictly upon the terms of the plea agreement underlying the probation violation as outlined in the record. See McCoy v. State, 599 So.2d 645 (Fla.1992); Espinosa v. State, 688 So.2d 1016 (Fla. 3d DCA 1997); Fla. R.Crim. P. 3.170(g).
We also reverse the sentence for direct criminal contempt on grounds that the defendant was neither afforded the opportunity to show cause why he should not be adjudged in contempt nor to present mitigating circumstances. See Poitier v. Spears, 750 So.2d 767 (Fla. 3d DCA 2000); Thaxton v. State, 525 So.2d 1009 (Fla. 3d DCA 1988).
Reversed and remanded with directions.

. The detective stated that the defendant provided false leads on interrelated narcotics investigations which were occurring in conjunction with the chop shop offenses. Help in the narcotics investigation was not part of the plea colloquy specified by the court to mitigate the sentence.