974 So.2d 1214 (2008)
Rashaun Artea McCULLOUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5611.
District Court of Appeal of Florida, Second District.
February 29, 2008.
James Marion Moorman, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.
*1215 Bill McCollum, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Rashaun McCullough appeals from judgments and sentences for three counts of robbery with a firearm that were entered following his plea agreement with the State. McCullough argues that the sentences violate the terms of his plea agreement. We affirm McCullough's convictions but reverse his sentences and remand for resentencing in accordance with this opinion.
McCullough's written plea agreement with the State provided for concurrent sentences of fifteen years' imprisonment as a habitual violent felony offender with a minimum mandatory term of ten years and credit for time served on each charge of robbery. The written agreement did not condition McCullough's plea or the sentences that were to be imposed in any way. At the plea hearing, McCullough's counsel described the terms of the plea agreement, including the fifteen-year sentences, and stated that McCullough "is prepared to give the name of the individual that went into the hotels who was masked and participated in the robbery. And [he] realizes that if called upon by the State and/or the Court, he would have to give truthful testimony against that individual." (Emphasis added.) The State did not object to or dispute defense counsel's representations.
The trial court conducted a plea colloquy and found that the plea was freely and voluntarily given and that a factual basis existed for it. The court then asked McCullough to identify the masked participant in the robberies, and McCullough named Anthony Swanson. The court proceeded to question McCullough about the robberies, stating, "And, I'm only interested in truthful testimony, as you can well imagine. Whose idea was this whole thing?" McCullough responded, "Shaun Bryant." When the trial court asked the State's position, the prosecutor disagreed that it was Bryant's idea. The trial court then stated:
Well, what I'm going to do is delay a sentence in this case and allow your client to meet with the detective and the assistant state attorney, Ms. Wardell, and, in effect, make a full and complete accounting of these three incidents. Again, I think that you need to understand I told your attorney this morning, that I would not accept a plea for anything less than twenty years minimum mandatory. And you have an opportunity to reduce that by five, by giving truthful testimony. And that's the only condition that I've put on it. So I have to be satisfied and they have to be satisfied that, in effect, they're receiving truthful testimony.
So, I'll receive your plea, adjudicate you guilty . . .
At the sentencing hearing held nearly three months later, the prosecutor contended that McCullough had breached the plea agreement and should be sentenced to twenty years' imprisonment for each robbery. The prosecutor pointed out that at the plea hearing, McCullough claimed that Shaun Bryant was the "mastermind" behind the robberies, which the prosecutor knew was not true. The prosecutor then explained what happened after the plea hearing, as follows:
We went over to the jail and he said he admitted, "Ms. Wardell, I'm sorry I said that. He wasn't the mastermind. I was mad, I made that up." He lost credibility at that point.
I proceeded to take his statement. He admitted his involvement in these charge [sic] offenses. However, what he didn't know is that I had information *1216 that he was involved in other crimes that he didn't mention, that he left out and could have come forward and fessed up. He didn't. There's nothing that he said to me that was helpful in any way.
McCullough's counsel responded that McCullough had agreed to give truthful testimony but the State did not want to use that information and "nobody can say it was or was not truthful."
The trial court proceeded to impose sentences of twenty years' imprisonment with minimum mandatory terms of fifteen years for each of the robberies. When McCullough stated, "I'm not taking 20 years," the court responded that was part of the agreement. McCullough stated that he had "agreed to 15 years, 10 mandatory. I didn't agree to 20 years." The trial court told McCullough to "[h]ave your attorney file the appropriate motion."
One week later, McCullough, through his counsel, filed a Motion to Withdraw Plea, asserting that his plea was based on the agreement to concurrent sentences of fifteen years' imprisonment with ten years' minimum mandatory. The motion stated that the trial court added a condition to the plea agreement that McCullough "could be sentenced to twenty years minimum mandatory, but that it could be reduced by five years by giving truthful testimony." McCullough contended that the court's sentences of twenty years' imprisonment with fifteen years' minimum mandatory were contrary to the plea agreement.
At the hearing on the motion to withdraw plea, the State conceded that as to the minimum mandatory portions of the sentences, the plea agreement called for ten years' minimum mandatory instead of fifteen years' minimum mandatory. The trial court amended the judgments and sentences by reducing the minimum mandatory portion to ten years. The parties also discussed the condition that McCullough would avoid the imposition of twenty-year sentences if he gave truthful testimony. The trial court reviewed the transcript of the plea hearing, noting that "it says that he realizes if called upon by the State he would give truthful testimony." The court then stated that it had "made a finding, apparently, at [the] actual sentencing that [McCullough] hadn't been truthful so he didn't get the reduction." The court added that the issue of whether McCullough got the reduction for giving truthful testimony would be addressed on appeal.
McCullough argues in this appeal that the trial court erred in finding that he violated the plea agreement by not being truthful and that the court should have imposed fifteen-year sentences. He states that he agreed to provide, and did provide, the name of the masked participant in the robberies. He adds that he agreed to testify truthfully against that person, Anthony Swanson, but that the State did not ask him to testify. He contends that the State did not establish that he violated any term of the plea agreement. The State responds that because McCullough made conflicting statements about whose idea it was to commit the robberies, he destroyed his own credibility and made worthless any testimony that he might give against Anthony Swanson, thereby violating the agreement.
In McCoy v. State, 599 So.2d 645 (Fla. 1992), the Florida Supreme Court reviewed a sentence that the trial court imposed after finding that the defendant violated the terms of a plea agreement. The court stated that "when entering into a plea agreement, the State must make sure that the specific terms of the agreement are made a part of the plea agreement and the record." Id. at 649. If the defendant's noncompliance with the specific terms of the plea agreement is at issue, *1217 "the defendant must have a full opportunity to be heard at an evidentiary hearing." Id. at 650. Further, "to vacate the plea and sentence, the court must find that there has been substantial noncompliance with the express plea agreement." Id.[1]
The trial court stated that McCullough had to provide a full and complete accounting of "these three incidents," but nothing in the written agreement or expressed at the plea proceedings required McCullough to confess his involvement in other crimes. Although the State indicated that McCullough's information was not "helpful," the plea agreement did not require McCullough to provide some additional helpful, but unspecified, information to the State. The plea agreement required McCullough to identify the masked participant, which he did by identifying Swanson, and to testify truthfully against that individual "if called upon by the State and/or the Court." (Emphasis added.) The State may have elected not to have McCullough testify because it felt that McCullough's credibility was damaged, but it did not establish that McCullough refused to testify or that he testified falsely against Swanson.
Concerning McCullough's statement at the plea hearing identifying Shaun Bryant as the mastermind, the prosecutor immediately expressed her disbelief. As a result, the trial judge directed McCullough to meet with the detective and the prosecutor and stated, "I have to be satisfied and they have to be satisfied that, in effect, they're receiving truthful testimony."
The State argues, as it did in the trial court, that because McCullough gave conflicting statements any trial testimony he might give would be worthless. The difficulty with this argument is that the court directed McCullough to meet with the prosecutor and to be truthful after the State disputed McCullough's identification of Bryant as the mastermind. McCullough complied with the court's direction by meeting with the prosecutor and truthfully acknowledging that Bryant was not the mastermind.[2]
Based on the terms of the plea agreement, the State's decision not to have McCullough testify at Swanson's trial is not evidence that McCullough violated the plea agreement. In Spencer v. State, 623 So.2d 1211 (Fla. 4th DCA 1993), the Fourth District addressed a similar situation. Spencer and the State entered into a plea agreement that required Spencer to "testify truthfully if required." Id. at 1211. At sentencing, the State argued that Spencer violated the agreement when, in an interview given after the plea agreement had been reached, he directly contradicted an earlier statement that he had given to the State's investigator. The court observed the following:
The mere fact that Spencer's later statement contradicted his initial statement does not constitute a breach of an agreement merely to testify truthfully, without reference to any identified previous statement. As in McCoy, if the state failed to make it an express part of the agreement that he was expected to testify in accordance with his initial statement, the trial court was precluded from finding that he had breached the agreement actually reached.
Id. at 1212.
Here, there is no evidence that McCullough did not give a full, truthful, and *1218 complete accounting of the three robberies when he met with the prosecutor after the plea hearing, as required by the trial court. Also, although McCullough agreed to testify truthfully if called upon to do so by the State and the trial court, the State later elected not to use his testimony at trial. Under these circumstances, and consistent with Spencer, we conclude that the State failed to establish that McCullough breached the terms of the plea agreement. Because the trial court sentenced McCullough to the twenty-year sentences based upon its erroneous conclusion that McCullough breached the plea agreement, we reverse the sentences.
Citing to Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), McCullough asks that we order specific performance of the plea agreement and that we direct the trial court to impose sentences of fifteen years' imprisonment with ten years' minimum mandatory. In response, the State cites to Rollman v. State, 887 So.2d 1233 (Fla.2004), and contends that if McCullough prevails in this appeal, he is not entitled to specific performance of the plea agreement. The State argues that he may either withdraw his plea or keep his current twenty-year sentences with ten years' minimum mandatory.
Neither Santobello nor Rollman address the circumstances present in this case. In Santobello, the United States Supreme Court stated that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." 404 U.S. at 262, 92 S.Ct. 495; see also Hunt v. State, 613 So.2d 893, 897 (Fla.1992) (quoting Santobello, 404 U.S. at 262, 92 S.Ct. 495). The Supreme Court remanded the case for the state court to determine whether the circumstances required specific performance of the plea agreement or, alternatively, granting Santobello an opportunity to withdraw his plea. Santobello, 404 U.S. at 262-63, 92 S.Ct. 495. In his concurring opinion, Justice Douglas stated that the defendant's preference should be given considerable, if not controlling, weight in determining the remedy. Id. at 267, 92 S.Ct. 495. However, Santobello, which concerned the breach of a plea agreement by the State, is not directly applicable here.
In contrast, Rollman states that "a trial court retains the authority to alter a prior plea arrangement up until the time sentence is imposed, so long as the trial court provides the defendant an opportunity to withdraw any plea that was entered in reliance on the promised sentence." 887 So.2d at 1235; see also Goins v. State, 672 So.2d 30, 31 (Fla.1996) (reiterating that a judge is not bound to honor a plea agreement for a specified sentence, even if the plea has been accepted, but if the judge imposes a greater sentence, the defendant is entitled to withdraw the plea).
Here, the trial court accepted the plea agreement reached by McCullough and the State with modification as to McCullough's obligations and the sentences that he faced. McCullough performed under the agreement, including the conditions imposed by the trial court, and the State received the benefit of the plea agreement. At sentencing, the court did not reject the agreement or abandon its earlier acceptance of the agreement. Instead, it simply sentenced McCullough based upon its erroneous conclusion that McCullough had breached the agreement. Under these circumstances, McCullough is entitled to the sentences that the trial court stated would be imposed upon his fulfillment of the conditions of the plea agreement. Accordingly, we reverse McCullough's sentences and remand for the trial court to impose fifteen-year *1219 sentences with ten-year minimum mandatory terms of imprisonment.
Reversed and remanded.
NORTHCUTT, C.J., and STRINGER, J., Concur.
NOTES
[1] In 1994, the Florida Supreme Court adopted amendments to Florida Rule of Criminal Procedure 3.170 that were "in accord with our decision in McCoy." Amendments to Florida Rules of Criminal Procedure 3.170 & 3.700, 633 So.2d 1056, 1056 (Fla. 1994).
[2] The State has not asserted that at the meeting McCullough failed to identify the actual mastermind or otherwise did not give a full and complete accounting of the charged crimes.