# Third District Court of Appeal
## State of Florida

Opinion filed February 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0286
Lower Tribunal No. F19-8517A
_____


**Tyrance Antoine Golfin,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.


Before LOGUE, C.J., and EMAS and SCALES, JJ.

SCALES, J.

Tyrance Antoine Golfin appeals a February 1, 2023 order revoking Golfin's community control and imposing sentence in lower tribunal case number F19-8517A, based on Golfin's failure to complete the Rehabilitation Boot Camp Program. Because there is no competent, substantial evidence in the record that such a requirement was ever made part of Golfin's modified sentence or Golfin's underlying plea agreement, we reverse the challenged order.

## I.      RELEVANT FACTS AND PROCEDURAL BACKGROUND

In March 2021, Golfin pled guilty as charged in lower tribunal case number F19-8517A. In May 2022, while Golfin was serving the community control portion of his sentence, Golfin's reporting officer filed an affidavit of violation of community control, charging Golfin with several technical violations of the terms of his community control. At a September 12, 2022 hearing on this community control violation affidavit, the prosecutor announced that the parties had reached a plea agreement,[1] the terms of which required that, in return for Golfin admitting to the technical violations,

---

[1] There is no written plea agreement in the record. Nor is there any indication that the parties entered into a written plea agreement.

Golfin would continue to serve the remainder of his existing sentence,[2] subject to several special conditions.

One of the special conditions announced by the prosecutor at the September 12, 2022 hearing was that Golfin would serve "364 days in the Dade County Jail, no credit for time served, to be mitigated [by] [Golfin] enrolling and successfully completing boot camp." The prosecutor explained to Golfin that "these are technical violations. You failed to report, you failed to attend a substance abuse assessment and treatment, and you also did not stay confined to your residence. For these reasons, we are offering you the boot camp option." After a plea colloquy with Golfin, the trial court accepted the plea agreement and, the same day, entered an "Order of Modification of Community Control" that modified Golfin's sentence in accordance with the plea agreement.[3] Golfin then began serving his one-year jail sentence.

On January 16, 2023, Golfin's reporting officer filed a new affidavit of violation of community control, alleging that Golfin had breached the

---

[2] Golfin had twenty-one months of community control remaining, followed by five years of probation.

[3] The Order of Modification of Community Control expressly provided, in relevant part, that "Community Control is modified . . . in the following manner: . . . 365 days DCJ with No Credit Time Served; To be Mitigated upon acceptance into Boot Camp program."

3

September 12, 2022 plea agreement and violated the terms of his community control by refusing to participate in the boot camp. After holding a hearing on this community control violation affidavit, the trial court entered the challenged order that revoked Golfin's community control and sentenced Golfin to ten years in prison for the underlying crimes in this case.

## II.    ANALYSIS[4]

The September 12, 2022 Order of Modification of Community Control expressly incorporated the terms of the parties' September 12, 2022 plea agreement. In moving to revoke Golfin's community control, the State seemingly led the trial court into believing that, as part of the plea agreement and the Order of Modification of Community Control, Golfin was *required* to complete the boot camp. But the terms of Golfin's plea agreement –

---

[4] "The State has the burden to prove a violation of community control by the greater weight of the evidence." Kegler v. State, 313 So. 3d 824, 827 (Fla. 2d DCA 2021). "Upon appellate review, we must first determine whether competent, substantial evidence supports the trial court's finding of a willful and substantial violation." Id. "When competent, substantial evidence supports a finding of a willful and substantial violation, we then review the decision to revoke supervision for an abuse of discretion." Id.

Similarly, "[u]nless a defendant . . . admits that he has breached the terms of his plea agreement, . . . the circuit court cannot declare that the defendant violated the terms of his plea agreement in the absence of competent, substantial evidence to support that finding." Neeld v. State, 977 So. 2d 740, 745 (Fla. 2d DCA 2008).

4

announced by the prosecutor in open court at the September 12, 2022 hearing and incorporated into the Order of Modification of Community Control – did not include any such requirement. Indeed, the prosecutor's proffer and the plea colloquy plainly show that Golfin agreed to serve one year in county jail, with no credit for time served, with Golfin having the *option* to mitigate this jail time *if* Golfin participated in the boot camp. Likewise, no such boot camp requirement is contained in the Order of Modification of Community Control. Hence, to the extent that the trial court found that Golfin violated the terms of his community control by declining to exercise his boot camp option, we are compelled to reverse because there is no competent, substantial evidence in the record that the terms of Golfin's community control required him to exercise the boot camp option. See Edwards v. State, 296 So. 3d 986, 987 (Fla. 2d DCA 2020) ("[O]n appeal, competent substantial evidence must support a finding of a willful and substantial violation; only then will we assess whether the trial court abused its discretion in revoking probation." (quoting Savage v. State, 120 So. 3d 619, 624 (Fla. 2d DCA 2013))).

In addition, insofar as the State characterizes the challenged order as a vacatur of the parties' September 12, 2022 plea agreement, we note that Florida Rule of Criminal Procedure 3.170(g) provides the mechanism for the

State to vacate a defendant's plea agreement and sentence based on the defendant's alleged failure to comply with the specific terms of the agreement. The State, though, never filed a rule 3.170(g) motion in the lower proceedings. Regardless, to the extent the challenged order found that Golfin's refusal to exercise his boot camp option constituted a breach of the September 12, 2022 plea agreement, such a finding similarly fails because there is no evidence the agreement contained any requirement that Golfin complete the boot camp. See Fla. R. Crim. P. 3.170(g)(1) ("Whenever a plea agreement requires the defendant to comply with some specific terms, those terms shall be expressly made a part of the plea entered into in open court."); McCullough v. State, 974 So. 2d 1214, 1218 (Fla. 2d DCA 2008) ("Because the trial court sentenced McCullough to the twenty-year sentences based upon its erroneous conclusion that McCullough breached the plea agreement, we reverse the sentences.").

We, therefore, reverse the challenged order and remand for proceedings consistent with this opinion.

Reversed and remanded.