276 So.2d 470 (1973)
STATE of Florida ex rel. Juan GUTIERREZ, Relator,
v.
Honorable Paul BAKER, Judge of the Criminal Court of Record in and for Dade County, Florida, Respondent.
No. 42751.
Supreme Court of Florida.
April 11, 1973.
Phillip A. Hubbart, Public Defender, and Alan S. Becker, Asst. Public Defender, for relator.
PER CURIAM.
This is an original proceeding in prohibition seeking to restrain respondent, Criminal Court of Record Judge Paul Baker of Dade County, from proceeding with the trial of relator, Juan Gutierrez, on the charge of second degree murder. We have jurisdiction pursuant to Fla. Const., art. V, § 3(b)(4), F.S.A.
*471 Gutierrez was arrested September 27, 1971, and no demand for speedy trial was made. Therefore, pursuant to Rule 3.191(a)(1), CrPR, 33 F.S.A., he had to be brought to trial within 180 days or be discharged from the crime. The last date on which a trial could have been held without an extension of time was March 25, 1972. On March 10, 1972, approximately two weeks before the running of the time limit for trying Gutierrez, the assistant public defender waived strict compliance with the 180-day limit as provided by Rule 3.191(d)(2)(iii), CrPR, to allow for more time for plea bargaining. The assistant public defender who had interviewed Gutierrez was not present at this hearing; nor was Gutierrez. The assistant public defender who waived the speedy trial limitation had never met Gutierrez and was not familiar with the case.
On April 25, 1972, a month beyond the 180-day period provided in Rule 3.191, CrPR, Gutierrez filed a motion to dismiss with Judge Baker. At a hearing, Gutierrez indicated that he had not been consulted at all in regard to the decision to waive the 180-day period, and that he had not been informed that such a decision had been made. Judge Baker ruled that the waiver was effective under the Speedy Trial Rule and set the cause for trial on June 12, 1972.
However, on June 5, 1972, Judge Baker accepted a negotiated plea of nolo contendere to the lesser included charge of manslaughter from Gutierrez and an assistant state attorney and set August 9, 1972, for adjudication and sentencing. Four days after the plea was accepted, another assistant state attorney requested that the plea be set aside because of an error within the office of the state attorney. Finally, on August 10, 1972, Judge Baker chose to treat the accepted plea of nolo contendere as a mistrial and, pursuant to the mistrial provision in Rule 3.191(g), CrPR, set a new trial for September 1, 1972. Gutierrez filed a suggestion for writ of prohibition challenging the effectiveness of the waiver by the assistant public defender of his right to a speedy trial, and secondly, challenging the propriety of retracting the acceptance of the nolo contendere plea and treating the retraction as a mistrial.
As to the first point raised by Gutierrez, the validity of the waiver of the 180-day rule by the assistant public defender, we must look to the words of the rule. Rule 3.191(d)(2), CrPR, provides, in pertinent part:
"The periods of time established by this Rule for trial may at any time be waived or extended by order of the court ... (iii) with good cause shown by the accused upon waiver by him or on his behalf."
The rule does not require that the accused be present when such waiver is made; nor does it require that waiver be made personally by the accused. It is a general rule that a client is bound by the acts of his attorney within the scope of the latter's authority. 7 C.J.S. Attorney and Client § 67.
The cause shown by the assistant public defender, who was acting as attorney for Gutierrez, was that the public defender and state attorney were nearing agreement on a negotiated plea of manslaughter which, it was felt, would be preferable to Gutierrez standing trial for second degree murder.
While the accused has a vested interest in being brought to trial within the limitations set by Rule 3.191, CrPR, and the public defender should involve the accused in any decision to waive the rule, we cannot find that it was error for the public defender to delay the trial for a short period to attempt plea bargaining which could avoid the possibility of a maximum 20-year sentence. The negotiated plea accepted by Judge Baker of nolo contendere to manslaughter shows the good faith of the assistant public defender in approving such a delay.
*472 Thus, we hold that, while it would be preferred that an accused be informed of, and involved in, all stages of negotiation between his attorney and the State, it is not error for the public defender to waive the running of the 180 days of the Speedy Trial Rule when, in good faith, he feels that such delay would or could benefit the accused. Determination of the propriety of such waiver by the public defender depends upon the facts of the individual case.
However, we agree with Gutierrez on his second contention. Where an assistant state attorney agrees to a negotiated plea and the plea is accepted by the trial judge as was done here, the state attorney is not privileged to reopen the case and force a retraction of the plea merely because of a breakdown of communications within his office. The Supreme Court of the United States faced a similar attempt by the State to retreat from a commitment on a negotiated plea which had been accepted by the trial judge in Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In Santobello, the State did not seek to revoke an agreed and accepted plea, but merely to change a promised recommendation of sentence, which recommendation might or might not influence the sentence handed down. The Supreme Court bound the State to its earlier stand, reasoning:
"The staff lawyers in a prosecutor's office have the burden of `letting the left hand know what the right hand is doing' or has done. That the breach of agreement was inadvertent does not lessen its impact." 404 U.S. 257, at 262, 92 S.Ct.
495, at 499.
We agree. Once the office of the state attorney has agreed to accept a plea to a lesser included offense, and the plea has been made and accepted, the office is estopped to protest that the spokesman for its office was in error if that error was not caused in some way by the accused or his counsel.
Thus, we hold that the State and the trial court are prohibited from trying Gutierrez on the charge of second degree murder in the case sub judice and are limited to sentencing him in connection with his plea of nolo contendere to manslaughter.
The issuance of any formal writ is withheld. We assume the trial judge will comply with this decision.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS, McCAIN and DEKLE, JJ., concur.