308 So.2d 27 (1975)
Vikki Zimmerman DAVIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 45480.
Supreme Court of Florida.
January 29, 1975.
*28 W. Ford Duane of Robertson, Williams, Duane & Lewis, Orlando, for petitioner.
Robert L. Shevin, Atty. Gen., and C. Marie Bernard, Asst. Atty. Gen., for respondent.
ADKINS, Chief Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 291 So.2d 682. Our jurisdiction is based upon conflict[1] between the decision sought to be reviewed and State ex rel. Gutierrez v. Baker[2] and Butler v. State.[3] The petition for writ of certiorari reflected apparent jurisdiction in this Court. We issued the writ and have heard argument of the parties. Upon further consideration of the matter, we have determined that the cited decisions present no direct conflict as required by the Constitution. The writ must be and hereby is discharged for reasons which will be set out below.
The facts of the case are as follows.
Petitioner, a 19-year-old married woman, was charged by information with two felonies, possession and sale of a narcotic drug, to-wit: heroin, in violation of Florida Statutes, Section 398.03 (1971). Pursuant to a plea bargaining agreement entered into by counsel for defendant and the court, Petitioner entered a plea of guilty to Count II of the information, to-wit: sale of a narcotic drug; the State nolle prossed Count I. The agreement was made a part of the record formally at the time the plea was entered. The agreement specified:
"[T]hat the Court will place you on probation and the Court will withhold adjudication and that a condition of the probation will be some time in the Orange County Jail; that it will be a minimum period of at least four months and a maximum of one year. And, that eight-month period depends on what the presentence investigation reveals." (Emphasis supplied).
During the pendency of the presentence investigation, Petitioner was arrested for possession of less than five grams of marijuana. Later, at the time of adjudication, Petitioner declined to withdraw her earlier guilty plea when given the opportunity to do so; instead, she elected specific performance of the plea agreement as her remedy.
The court adjudicated her guilty of sale of a narcotic drug, to-wit: heroin, placed her on probation for seven years with the special condition that she serve one year in the Orange County Jail. Petitioner moved to vacate the judgment on the ground that the adjudication was in direct violation of the plea agreement, but this motion was denied. On appeal, the District Court affirmed the judgment, per curiam, without opinion. In this Court, Petitioner takes the position that she is entitled to specific performance of the plea agreement entered into with the trial court. We disagree.
Petitioner relies on Santobello v. New York,[4] in which it was stated that:
"... [t]he disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called `plea bargaining,' is an essential component of the administration of justice. Properly administered, it is to be encouraged... ."
*29 As that case observed, it is important that this phase of criminal justice and the adjudicative element inherent in accepting a negotiated plea of guilty be attended by safeguards to insure to the defendant what is reasonable under the circumstances, i.e., (1) the accused pleading guilty must be counseled, absent a waiver; (2) the sentencing judge must develop, on the record, the factual basis for the plea; (3) the plea must be voluntarily and knowingly made; and (4) if the plea was induced by promises, the essence of those promises must be made known.[5] We find that these essentials were met below.
As observed in Brown v. State,[6] we are well aware of the changing attitudes of those concerned with criminal justice on the question of "plea bargaining". This change is reflected in the new rule relating to Plea Discussions and Agreements,[7] which rule finds its genesis in Sections 3.1-3.4, incl., ABA Standards Relating To Pleas of Guilty (1968). As we stated in Brown, supra,[8] a judge is never bound in sentencing by the negotiations which occur between the prosecuting attorney and the defense counsel. Furthermore, it is true that plea discussions in which the trial judge is involved have been categorized as "delicate"[9] and that the American Bar Association in its Standards for Criminal Justice Relating to Guilty Pleas has concluded that the trial judge should not participate in such plea discussions until after a tentative plea agreement has been entered into between counsel for the parties. Nevertheless, we refrain from condemning the practice per se since we are confident that the trial judges of this state will take all necessary precautions to assure that defendants' rights are protected by appropriate safeguards. Should a trial judge later decide that a sentence should not be as lenient as he had contemplated earlier, he must be liberal in permitting a withdrawal of the guilty plea.[10] In the case sub judice, this opportunity was afforded the defendant. We come now to the problem sub judice: when a judge who has participated in or tentatively approved a plea bargain decides not to include the concessions contemplated therein in his final disposition of the case and affirmatively offers the defendant the opportunity to withdraw his guilty plea, may the defendant refuse to withdraw his plea on the ground that the plea bargain is a specifically enforceable contract? We think not. It is our view that, even if the trial judge's indication of leniency is the only inducement a defendant has in pleading guilty, the court is not bound by it. If for any reason the plea bargain is not carried out, the defendant has two alternatives: (1) he may withdraw his plea and proceed to a disposition of the matter without any of his admissions, statements, or other evidence given in the plea negotiations being used against him; or (2) he may agree to proceed with the guilty plea without being bound by any conditions or agreements. The result is that, if the trial judge decides not to fulfill the tentative plea agreement, the case is returned to the position it was in prior to the plea negotiations, thereby imposing no unfair disadvantage on a defendant.
While we recognize that Santobello, supra,[11] requires specific performance by a prosecutor of a promise on which a defendant relied, we do not find that plea discussions can be specifically enforced against a court. As stated by Justice Drew in Tilghman v. Culver:[12]
"According to the record before us the trial judge admits that he bargained with *30 the petitioner and reached an agreement whereby the petitioner was to plead guilty to the breaking and entering charge in exchange for a particular sentence by the judge..."
* * * * * *
"Courts cannot bind themselves to agreements such as that shown by this record. To countenance such would require too high a price for administrative efficiency. The judge is an instrument of the law charged with meting out just punishment to convicted men. Just punishment is that which fits the circumstances of the crime and the particular criminal; therefore, expediency has no place in formulating the judge's act."
While the cases cited for conflict have held that a promise made by a state official in certain criminal context cannot be repudiated because such a promise is a pledge of public faith,[13] we do not consider that principle applicable sub judice for the reasons stated above.
Accordingly, no direct conflict having been demonstrated, the writ must be, and hereby is, discharged.
It is so ordered.
ROBERTS, McCAIN, OVERTON and ERVIN (Retired), JJ., concur.
NOTES
[1] Article V, Section 3(b)(3), Florida Constitution; Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965).
[2] 276 So.2d 470 (Fla. 1973).
[3] 228 So.2d 421 (Fla.App. 1969).
[4] 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427.
[5] Id. 404 U.S. at 260, 92 S.Ct. at 498, 30 L.Ed.2d at 432.
[6] 245 So.2d 41, 44 (Fla. 1971).
[7] Rule 3.171, Rules of Criminal Procedure.
[8] Brown v. State, supra, see Note 6.
[9] Barker v. State, 259 So.2d 200, 203 (Fla. App. 1972).
[10] Rule 3.170(f), R.Cr.P.; Brown v. State, supra Note 6.
[11] Santobello v. New York, supra, Note 4, 404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at p. 433.
[12] 99 So.2d 282, 286 (Fla. 1957), cert. den. 356 U.S. 953, 78 S.Ct. 918, 2 L.Ed.2d 845.
[13] State ex rel. Gutierrez v. Baker, supra, see Note 2; Butler v. State, supra, see Note 3.