DAUKSCH, Judge,
dissenting:
I respectfully dissent.
Defendants Charles Adams, the Appellant herein, and Wanda Brown were arrested on April 9,1975 and charged by information on April 15, 1975 with one count of breaking and entering to commit a felony, to wit: grand larceny, and one count of grand larceny.
On April 23, 1975 co-Defendant Brown’s attorney filed an appearance as counsel of record for both Defendants. At the same time, the attorney waived the Defendants’ arraignments scheduled for April 25, 1975, entered not guilty pleas, requested a jury trial and demanded discovery, all on behalf of both Defendants. In addition, the attorney executed a waiver of Appellant’s right to a speedy trial. The waiver was dated April 23, 1975 and was signed only by the attorney.
*563 On October 9, 1975 Appellant filed a Motion for Discharge on the grounds that the written waiver of speedy trial was a nullity in that it was filed without Appellant’s knowledge or consent, either express or implied, and that, in fact, Appellant never retained his eo-Defendant’s attorney as his own counsel. It is undisputed that the 180 day period within which a defendant who has made no demand for speedy trial must be brought to trial expired on October 6, 1975.
On October 14, 1975 a hearing was held on Appellant’s Motion for Discharge. Appellant was represented at the hearing by an attorney he retained in September, 1975. The first attorney, the one who executed the speedy trial waiver, testified that he never met, spoke with or entered into any contract of employment with Appellant. Furthermore, this first attorney did not advise Appellant that the waiver had been entered. The attorney further testified that he was retained by co-Defendant Brown, who requested that he also represent Appellant:
“A. Wanda Brown came to me shortly after she was arrested within a few days and engaged me to represent her . . . and asked me to represent Adams [Appellant], And in what she said to me, the exact words, I can’t recall, led me to believe that she had authority to engage me for Adams. However, I have never talked to this man. I have never had any communication from him. I have written him at least once and I have — and I asked Wanda to find Charlie, and as we refer to him, but I never talked to him. I filed this waiver of speedy trial after having a discussion with Wanda about the waivers and signed the waiver myself and filed an appearance for Adams. That’s about what happened.
Q. But at the time that you signed this Waiver of Speedy Trial on behalf of Charles Adams, you had no discussion with him, as to the fact that you would be his attorney?
A. That’s right. There is no question about that.”
Appellant testified at the hearing that he did not know the attorney, had not spoken with him or retained his services, nor had he given anyone the authority to retain the attorney on his behalf.
The trial court denied the Motion to Discharge and the case proceeded to trial on October 15,1975. Appellant was adjudicated guilty on both counts.
Rule 3.191(d)(2), Fla.R.Crim.P., provides that a waiver of speedy trial may be made by an accused or by someone acting on his behalf. The rule does not require that the accused be present when the waiver is made or even that the waiver be personally executed by the accused. State ex rel. Gutierrez v. Baker, 276 So.2d 470 (Fla.1973).
The Defendant’s attorney may enter the waiver on his behalf and the Defendant will be bound by the acts of his attorney within the scope of the latter’s authority. Id. Thus, a valid waiver of speedy trial executed by a defendant’s attorney presupposes the existence of an attorney/client relationship.
However, where an attorney has not met or conferred with the accused, entered into a contract of employment express or implied with him or someone authorized to represent the accused, no attorney/client relationship has been established. See Colonial Press of Miami, Inc. v. Sanders, 264 So.2d 92 (Fla.3d DCA 1972).
A review of the record on appeal convinces me that there was insufficient evidence to establish the existence of an attorney/client relationship. Therefore, the first attorney was without authority, either express or implied, to act on Appellant’s behalf. The attempted waiver of speedy trial was a nullity and Appellant’s Motion for Discharge should have been granted since he was not brought to trial within the 180 day period required by Rule 3.191(a)(1), Fla. R.Crim.P.
I would reverse.