843 So.2d 940 (2003)
Ronald ARROWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-4034.
District Court of Appeal of Florida, First District.
April 3, 2003.
Rehearing Denied May 5, 2003.
*941 Nancy A. Daniels, Public Defender; G. Kay Witt, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
DAVIS, J.
Appellant, Ronald Arrowood, seeks review of his convictions and sentences for driving under the influence (DUI), committing manslaughter and failing to render aid, DUI with serious bodily injury (two counts), and DUI with damage to person. He contends that the trial court abused its discretion in granting the State's motion in limine prior to trial and overruling his objection to the prosecutor's misstatement of the law during closing argument. Appellant further argues that the trial court erred in scoring victim injury points which caused his Criminal Punishment Code Scoresheet sentence to be increased beyond the statutory maximum for his primary offense and by sentencing him, pursuant to the scoresheet, to a life sentence contrary to the decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Finding no error as to the first two points on appeal, we affirm the convictions without further discussion. We agree with appellant, however, that he is entitled to relief under Apprendi, and therefore reverse and remand for resentencing.
After appellant was sentenced to life in prison and during the pendency of this appeal, he properly filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) to raise his Apprendi claim. The record contains the Criminal Punishment Code Scoresheet and the jury's verdict which conclusively establish that the trial court's assessment of victim injury points on three of the counts was proper. The jury's findings of DUI manslaughter and DUI serious bodily injuries support the imposition of the death and severe victim injury points. The same record documents establish, however, that the trial judge, and not the jury, found that the DUI damage to person count constituted moderate victim injury worthy of 18 points. In this unusual set of facts and points, the assessment of the 18 points became crucial because it caused appellant's total points to exceed 363 points. By virtue of the total score of 376.4 points, appellant became subject to the imposition *942 of a life sentence. § 921.0024(2), Fla. Stat. (2000) ("If the total sentence points are greater than or equal to 363, the court may sentence the offender to life imprisonment."). Had the trial court added only 4 slight victim injury points for the DUI damage to person count, instead of the 18 moderate victim injury points, appellant's total sentence points would have equaled 362.4 points. Appellant's lowest permissible prison sentence on the Criminal Punishment Code scoresheet would have been 250.8 months while the maximum sentence he could have received would have been the statutory maximum for the primary and any additional offenses as provided in section 775.082. § 921.0024(2), Fla. Stat. (2000) ("The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing."). As a result, we agree with appellant that the computation of points on the DUI damage to person count by the trial court and resulting life sentence violate the rule announced in Apprendi.
In Apprendi, the Supreme Court of the United States held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. Under the Apprendi analysis, the trial court erred in assessing victim injury points for moderate injury without a jury finding as to whether the "damage to person" was moderate or slight.
"[I]n Florida, for purposes of determining a constitutional violation under Apprendi, the relevant `statutory maximum' is found in section 775.082." McCloud v. State, 803 So.2d 821, 827 (Fla. 5th DCA 2001) (en banc), rev. denied, 821 So.2d 298 (Fla.2002), cert. denied, ___ U.S. ___, 123 S.Ct. 553, 154 L.Ed.2d 455 (2002). The statutory maximum penalty for DUI manslaughter, a first degree felony pursuant to section 316.193(3)(c) 3.b., Florida Statutes (2000), is a term of imprisonment not exceeding thirty years. § 775.082(3)(b), Fla. Stat. (2000). As recently recognized by the Florida Supreme Court, "any fact that increases the punishment for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Kormondy v. State, 2003 WL 297027, 845 So.2d 41 (Fla. Feb. 13, 2003). Because the jury only found that there was damage to the person and there was no finding as to the severity of the damage, and because the 18 points at issue are pivotal in whether appellant's total points exceed 363 points and therefore allow for a sentence beyond the statutory maximum, we conclude that appellant is entitled to relief under Apprendi. We reverse and remand for further proceedings consistent with this opinion. All other issues are affirmed.
Affirmed in part, reversed in part, and remanded with directions.
ERVIN and BENTON, JJ., concur.