BENTON, J.
On direct appeal, Errol Austin Rollman seeks specific performance of what he not unreasonably took as the trial court’s promise (in exchange for his plea) to sentence him to no more than ten years’ imprisonment for robbery with a firearm. As we read our supreme court’s decision in Davis v. State, 308 So.2d 27 (Fla.1975), we are obliged to affirm, but we also certify questions of great public importance.
At a hearing on June 12, 2002, the trial judge assured Mr. Rollman, his lawyer and an assistant state attorney (who was not a party to any plea bargain) that, if he entered a plea of nolo contendere, Mr. Roll-man would receive a sentence of no more than ten years in prison:
MR. WEAVER (defense counsel): Your Honor, Mr. Rollman is entering a plea of no contest to the charge of robbery armed with a firearm. The plea agreement that we anticipate is that he would plea[d] to a cap of an adjudication of guilt and ten years in the Department of Corrections with credit for all time served since the date of his arrest_
MR. GEISSEL (prosecutor): ... I just want the record to reflect .... [that tjhere’s no agreement with the state on this particular plea_
THE COURT: The Court has capped it at ten.
MR. GEISSEL: Right, the Court indicated it would cap it at the ten year minimum mandatory.... However, there’s no agreement with the state.
Again during the plea colloquy, the trial judge reiterated, more than once, that Mr. Rollman’s maximum sentence would be ten *240 years in prison. He asked him, for example: “Do you understand that by entering this plea the most you can get is ten years in the Department of Corrections and that you would get credit toward that for any time you’ve already done ... ?” (Emphasis added.)
On August 14, 2002, however, the same trial judge who had accepted the plea pronounced a probationary split sentence. See Poore v. State, 531 So.2d 161, 164 (Fla.1988) (describing-the possibilities for resentencing that probationary split sentences afford). He sentenced Mr. Rollman not only to ten years’ imprisonment, but also to a ten-year probationary period following his release from prison, plus restitution and court costs.
Under the sentence the trial court imposed, ten years in prison is only the beginning. Because robbery with a firearm is a felony “punishable by imprisonment for a term of years not exceeding life imprisonment,” § 812.18(2)(a), Fla. Stat. (2002), any subsequent revocation of probation — and it has recently been held that a probationer’s failure to file a single monthly report may justify revoking probation, see State v. Carter, 835 So.2d 259, 261 (Fla.2002) — might mean appellant’s return to prison for the remainder of his life.[1] See § 944.275(4)(b)(3), Fla. Stat. (2002) (“State prisoners sentenced to life imprisonment shall be incarcerated for the rest of their natural lives, unless granted pardon or clemency.”).
At the sentencing hearing, defense counsel reminded the. trial judge that he had said at the plea hearing that he would not impose a sentence in excess of ten years’ imprisonment, if Mr. Rollman entered a plea of nolo contendere,[2] which Mr. Roll-man had then done, and that the plea had been accepted.[3] The defense moved ore tenus to vacate the probationary portion of the sentence (and to dispense with restitution).[4] But the trial court denied the motion without stating grounds, and, in due course, the present appeal was taken. Mr. Rollman now asks us to vacate the probationary portion of the sentence he received. (He makes no argument regarding restitution.)
In Davis v. State, 308 So.2d 27 (Fla.1975), our supreme court held that Vikki Davis was not entitled to specific performance of a plea agreement she had made with the trial court. In that case, Mrs. *241 Davis pleaded guilty to the sale of a narcotic drug in reliance on the trial court’s promise
that the Court will place you on probation and the Court will withhold adjudication and that a condition of the probation will be some time in the Orange County Jail; that it will be a minimum period of at least four months and a maximum of one year. And, that eight-month period depends on what the pre-sentence investigation reveals.
Id. at 28. But “[d]uring the pendency of the presentence investigation, ... [Mrs. Davis] was arrested for possession of less than five grams of marijuana.” Id. The trial court adjudicated her guilty, and sentenced her to seven years’ probation, with the condition that she serve one year in the Orange County Jail.
Mrs. Davis “declined to withdraw her earlier guilty plea when given the opportunity to do so; instead, she elected specific performance of the plea agreement as her remedy,” id., moving unsuccessfully to vacate the judgment on the ground that her adjudication violated the plea agreement. The district court affirmed without opinion, and the supreme court rejected Mrs. Davis’s argument that she was “entitled to specific performance of the plea agreement entered into with the trial court,” explaining:
It is our view that, even if the trial judge’s indication of leniency is the only inducement a defendant has in pleading guilty, the court is not bound by it. If for any reason the plea bargain is not carried out, the defendant has two alternatives: (1) he may withdraw his plea[5] and proceed to a disposition of the matter without any of his admissions, statements, or other evidence given in the plea negotiations being used against him; or (2) he may agree to proceed with the guilty plea without being bound by any conditions or agreements. The result is that, if the trial judge decides not to fulfill the tentative plea agreement, the case is returned to the position it was in prior to the plea negotiations, thereby imposing no unfair disadvantage on a defendant.
Id. at 28-29. See also State v. Warner, 762 So.2d 507, 514 (Fla.2000) (“A judge’s preliminary evaluation of the case is not binding, since additional facts may emerge prior to sentencing which properly inform the judge’s sentencing discretion. If the judge later determines that the sentence to be imposed must exceed the preliminary evaluation, then the defendant who has pleaded guilty or nolo contendere in reliance upon the judge’s preliminary sentencing evaluation has an absolute right to withdraw the plea.”).
The Davis case can be distinguished from the present case, in that the trial judge in the present case did not condition the sentence he proposed, in exchange for Mr. Rollman’s plea of nolo contendere, on what the presentence investigation report might reveal; in that Mr. Rollman was not arrested for committing another offense between his plea and his sentencing; and in that, as far as the record reveals, the trial judge received no adverse information about Mr. Rollman after his plea of any kind from any source. But we read Davis as laying down a rule that a trial judge cannot be held even to the clearest under *242 taking, not even where the judge’s assurances unquestionably induced a plea which may lead to life in prison.
We are not entirely certain, however, that the rule of Davis is intended to apply where, as here, nothing in the record explains the trial judge’s change of heart; or, indeed, that the rule of Davis can apply here, where no “additional facts ... [come to light] prior to sentencing,” Warner, 762 So.2d at 514, consistently with due process and the courts’ essential attributes of reliability, integrity, and principled decision making. See generally McCray v. State, 851 So.2d 221 (Fla. 3d DCA 2003). Accordingly, we certify as questions of great public importance:
WHERE A TRIAL COURT ANNOUNCES THE MOST SEVERE SENTENCE THAT WILL BE IMPOSED IN THE EVENT OF A PLEA, MAY THE TRIAL COURT THEREAFTER, ONCE THE PLEA HAS BEEN ACCEPTED, PRONOUNCE A MORE SEVERE SENTENCE WITHOUT ANY STATED REASON OR ANY REASON APPARENT FROM THE RECORD? IF SO, MUST THE TRIAL COURT AFFIRMATIVELY OFFER THE DEFENDANT AN OPPORTUNITY TO WITHDRAW THE PLEA?
Endorsing judges’ involvement (when asked to take part) in reaching plea bargains, our supreme court recently explained that one important advantage of judicial participation is that “it provides a firm basis for reliance on a plea.” Warner, 762 So.2d at 513. The criminal justice system will operate with greater fairness, predictability and efficiency — and in a fashion more likely to inspire public confidence — if the parties and their counsel can rely on the trial court’s plea-inducing assurances, in cases where countervailing considerations do not justify a later change in position.
Affirmed.
BROWNING, J., CONCURS; PADOVANO, J., Concurring in the Result with Opinion.

. [O]nce the court revokes probation ..the court resentences the offender on the original charge, and may "impose any sentence which it might have originally imposed before placing the probationer ... on probation....” § 948.06(1), Fla. Stat. (1995). The court then is to grant credit for time served, unless such credit has been waived as part of a plea bargain.
Cozza v. State, 756 So.2d 272, 273 (Fla. 3d DCA 2000).

. MR. WEAVER: I just wanted to put on the record our bench conference. I approached and explained to the Court that the plea had been for an adjudication of guilt and a cap of ten years DOC and that that plea was' accepted by the Court about two months ago.
I’m arguing to the Court that the ten years probation, restitution and court costs goes beyond the cap the Court had already set for the sentence.

. In arguing that the state had not been a party to the agreement, the prosecutor did not take issue with defense counsel's description of the agreement:
MR. GEISSEL: No, the Court agreed to a ten year cap. The state never agreed to a ten year cap.
MR. GEISSEL: You indicated that you would do the ten year cap.

. MR. WEAVER: Just for the record, I make a motion to vacate the probationary part of the sentence and reduce the restitution to a civil judgment.
THE COURT: That motion is denied.

. Although he argued against the probationary term, Mr. Rollman's trial counsel did not move to withdraw the nolo contendere plea. Accordingly, Mr. Rollman seeks only vacation of the probationary portion of his sentence on the present appeal; he does not seek an opportunity to withdraw his plea. See Anderson v. State, 215 So.2d 618, 619 (Fla. 4th DCA 1968) ("Reversal on appeal is not to be expected in the absence of judicial error of the lower court assigned, stated and argued in appellants’ brief.").