887 So.2d 1233 (2004)
Errol Austin ROLLMAN, Petitioner,
v.
STATE of Florida, Respondent.
No. SC03-1871.
Supreme Court of Florida.
October 21, 2004.
*1234 Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Robert R. Wheeler, Bureau Chief, Criminal Appeals, Karen Armstrong and Thomas D. Winokur, Assistant Attorneys General, Tallahassee, FL, for Respondent.
PER CURIAM.
We have for review a decision of a district court of appeal on the following questions, which the court certified to be of great public importance:
WHERE A TRIAL COURT ANNOUNCES THE MOST SEVERE SENTENCE THAT WILL BE IMPOSED IN THE EVENT OF A PLEA, MAY THE TRIAL COURT THEREAFTER, ONCE THE PLEA HAS BEEN ACCEPTED, PRONOUNCE A MORE SEVERE SENTENCE WITHOUT ANY STATED REASON OR ANY REASON APPARENT FROM THE RECORD? IF SO, MUST THE TRIAL COURT AFFIRMATIVELY OFFER THE DEFENDANT AN OPPORTUNITY TO WITHDRAW THE PLEA?
Rollman v. State, 855 So.2d 239, 242 (Fla. 1st DCA 2003). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We answer both questions in the affirmative.

FACTUAL BACKGROUND
Errol Austin Rollman was charged with committing robbery with a firearm. See Rollman v. State, 855 So.2d 239 (Fla. 1st DCA 2003). At a June 12, 2002, hearing, the trial judge announced to Rollman that if a plea of nolo contendere were entered, he would be sentenced to no greater than ten years in prison. See id. Some two months later, on August 14, 2002, the same sentencing judge pronounced Rollman's sentence, which imposed ten years in prison, ten years of probation, and the payment of restitution and court costs. See id. at 240. At that time, Rollman's attorney moved to vacate the imposition of probation and to reduce the restitution to a civil judgment. See id. at 240 n. 4. Rollman's attorney argued that the imposition of probation, restitution and court costs exceeded the sentence originally promised by the trial court; however, Rollman did not seek to withdraw his plea. The trial court denied Rollman's motion. See id.
Rollman appealed his sentence to the First District Court of Appeal. The district court affirmed Rollman's sentence in light of this Court's decision in Davis v. State, 308 So.2d 27 (Fla.1975), and certified the questions presently before this Court.

*1235 ANALYSIS
Rollman urges this Court to conclude that the terms of the sentence he actually received, in particular, the ten-year probationary sentence, were improper because the trial court's earlier statements appeared to cap his sentence at ten years of incarceration.[1] As noted above, the First District concluded that pursuant to this Court's decision in Davis v. State, the defendant was not entitled to specific performance of the alleged June agreement, but was limited to withdrawing his plea.
In Davis, defendant Vikki Davis was charged with two drug-related felonies. See Davis, 308 So.2d at 28. Davis entered into plea discussions with the trial court. See id. Davis and the court reached an agreement that she would be placed on probation and serve a maximum of one year in jail; the agreement also specified that Davis's adjudication would be withheld. See id. However, while the presentence investigation was pending, Davis was arrested for possession of marijuana. See id. Taking all factors into consideration, the trial judge adjudicated her guilty of the sale of narcotics, placed her on probation for seven years, and sentenced her to one year in jail. See id.
On appeal, Davis challenged her sentence on the grounds that the adjudication violated the terms of the plea bargain, and she sought specific performance of the terms of the plea bargain. See id. Her argument was rejected by the district court, and subsequently by this Court. In approving the district court's decision, this Court explained:
[W]hen a judge who has participated in or tentatively approved a plea bargain decides not to include the concessions contemplated therein in his final disposition of the case and affirmatively offers the defendant the opportunity to withdraw his guilty plea, may the defendant refuse to withdraw his plea on the ground that the plea bargain is a specifically enforceable contract? We think not. It is our view that, even if the trial judge's indication of leniency is the only inducement a defendant has in pleading guilty, the court is not bound by it.
Davis, 308 So.2d at 29. We continue to agree that a trial court retains the authority to alter a prior plea arrangement up until the time sentence is imposed, so long as the trial court provides the defendant an opportunity to withdraw any plea that was entered in reliance on the promised sentence. It does not matter whether the judge simply changed his mind, or whether there was a misunderstanding.
Although we conclude that specific performance is not available, we do conclude that as in Davis, the trial court was required to affirmatively offer Rollman an opportunity to withdraw his plea. Because Rollman was not afforded this opportunity, it will still be available to him when this case returns to the trial court. By providing Rollman this opportunity, he will be placed in the same position he was in before he entered his plea. Hence, Rollman has not demonstrated that he has suffered any prejudice that cannot be undone by simply allowing him to withdraw his plea. This conclusion is also consistent with Davis, where we said:
If for any reason the plea bargain is not carried out, the defendant has two alternatives: (1) he may withdraw his plea and proceed to a disposition of the matter without any of his admissions, statements, or other evidence given in the plea negotiations being used against him; or (2) he may agree to proceed *1236 with the guilty plea without being bound by any conditions or agreements. The result is that, if the trial judge decides not to fulfill the tentative plea agreement, the case is returned to the position it was in prior to the plea negotiations, thereby imposing no unfair disadvantage on a defendant.
Davis, 308 So.2d at 29. Rollman faces the same options we provided to Davis.

CONCLUSION
Under the facts of this case, we hold that, absent a demonstration of prejudice, Rollman is not entitled to specific performance of the terms of the plea arrangement discussed with the trial court. Therefore, we approve the result of the district court and remand with instructions for proceedings consistent with this opinion.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO and BELL, JJ., concur.
NOTES
[1] Rollman actually does not want to withdraw his plea; the sole remedy he seeks is specific performance of the terms of the original plea agreement.