WARNER, J.
 

 Robert Hummel appeals an order summarily denying his motion for postconviction relief. He claims that his counsel was ineffective in failing to object when the court vacated his plea and sentence based upon his refusal to agree to a condition not specified in the plea agreement. We agree that the record does not conclusively refute his allegations. We therefore reverse and remand for an evidentiary hearing.
 

 Hummel was on community control for delivery of cocaine, a second degree felony, when an affidavit of violation of community control was filed against him. He execut
 
 *789
 
 ed a written agreement providing for him to plead no contest, in return for a sentence of 61.05 months, concurrent with the same sentence in a new case in which he was charged with robbery with a weapon. Nothing in the written plea agreement conditioned the plea on his testifying against his co-defendant in the robbery case.
 

 At a morning plea colloquy, the trial court accepted the plea, deferring sentencing until the afternoon. Nothing was said during the colloquy about Hummel testifying against his co-defendant in the robbery case.
 

 At the afternoon hearing, the trial court first received assurances from Hummel that he still wanted to plead to the probation violation. The court then adjudicated Hummel guilty and sentenced him to 61.05 months pursuant to the plea agreement. After pronouncing sentence, the court then recited that a condition of the sentence was that Hummel, if subpoenaed, would give truthful testimony in the matter. Defense counsel did not object to the imposition of this condition and agreed that he had discussed with Hummel that if he had any information about the matter, he would be required to testify or speak candidly about what he knew. When Hummel tried to speak himself, the trial court ordered a recess so that he could speak with his attorney.
 

 Following the recess, the prosecutor explained that he had extended a generous offer to the bottom of the guidelines to cover both cases, with the understanding that Hummel would be testifying against his co-defendant in the robbery case. Otherwise, Hummel was facing fifteen years for the violation of community control case and life for the robbery. Hummel, however, insisted that he would not be testifying.
 

 Defense counsel represented he had explained to Hummel that if Hummel had information which the prosecuting attorney needed, Hummel would have to testify truthfully, perhaps assisting in securing a conviction of the co-defendant. The prosecuting attorney maintained that if the state was not to have Hummel’s testimony, there was no inducement for the plea offer.
 

 In light of the foregoing, the trial court vacated the plea and sentence. Following a violation of community control hearing the next day, the trial court found Hummel guilty, revoked his community control, and sentenced him to the statutory maximum of fifteen years.
 

 In his rule 3.850 motion for postconviction relief, Hummel raised the following three related claims of ineffective assistance of counsel: (1) failing to object to the court’s withdrawing the plea, when neither the state nor the defense had filed any motion to do so; (2) failing to object to the prosecutor and the court adding a condition to the plea that was not part of the written or oral plea deal; and (3) failing to object to Hummel’s resentencing, where the trial court had already imposed the agreed sentence of 61.05 months in prison and then changed it the next day to 15 years. Hummel maintained that if counsel had objected, he would be serving a sentence of only 61.05 months. Moreover, counsel’s failure to make these objections waived the issues for purposes of appellate review.
 

 The state argued in its response that these issues were or could have been raised on direct appeal. Furthermore, Hummel’s claims of ineffective assistance of counsel were conclusively refuted by the record and were legally insufficient, in that they did not demonstrate counsel was deficient in performance, nor that Hummel was legally prejudiced in any way. The court summarily denied the motion, prompting this appeal.
 

 
 *790
 
 We reject the state’s claim that because these issues could have or should have been raised on direct appeal, Hum-mel is precluded from raising them on postconviction relief. Defense counsel did not object to the trial court’s vacation of the plea and sentence. In fact, his counsel appears to have agreed that the plea came with a condition. He also did not object to the vacation of the sentence or to the imposition of the harsher sentence.
 
 [1]
 
 Because these issues were not preserved through objection they cannot be raised on appeal. Moreover, as Hummel’s motion also raises a double jeopardy issue, it can be raised in postconviction proceedings.
 
 See, e.g., Plowman v. State,
 
 586 So.2d 454, 455 (Fla. 2d DCA 1991).
 

 The record does not conclusively refute Hummel’s position that he never agreed to testify against his co-defendant as a condition of the plea agreement. The record contains no written plea agreement containing the condition that he testify against a co-defendant. No such condition was imposed before his plea was accepted and he was sentenced. If the plea agreement contained that condition, the judge should have been advised it was part of the agreement before the plea was accepted. Fla. R.Crim. P. 3.170(g)(1) (“Whenever a plea agreement requires the defendant to comply with some specific terms, those terms shall be expressly made a part of the plea entered into in open court.”). Then, if Hummel failed to comply with his agreement, the state could have moved to withdraw from the plea pursuant to Florida Rule of Criminal Procedure 3.170(g)(2).
 
 [2]
 

 See, e.g., Spencer v. State,
 
 623 So.2d 1211 (Fla. 4th DCA 1993) (reversing sentence in excess of initial sentence imposed pursuant to plea agreement, where plea agreement required defendant to testify truthfully if required, but, after original sentencing, defendant gave a statement that was less favorable to the state than the one he had given before entering the plea agreement, and state requested a higher sentence based on defendant’s breach of plea agreement; finding defendant did not breach agreement and reversing for resentenc-ing).
 

 This case is most like
 
 McCoy v. State,
 
 599 So.2d 645 (Fla.1992), in which the supreme court held that where the terms of the plea agreement allegedly violated were not part of the court record, a trial court could not vacate a plea and sentence already entered and impose a harsher sentence. The court ordered the original sentence to be reinstated.
 

 The state’s position, that the condition of testifying had been clearly conveyed to Hummel prior to the plea proceedings, is not a matter of record.
 
 Cf. McFord v. State,
 
 877 So.2d 874, 877 (Fla. 3d DCA 2004) (affirming conviction and sentence, where the trial judge made the terms of the substantial assistance agreement
 
 *791
 
 “crystal clear” during the plea colloquy and the evidence supported the conclusion that defendant violated the agreement). In this case, the factual question of whether Hummel was aware of the condition before entering the plea should be resolved in the course of an evidentiary hearing.
 

 Accordingly, we reverse and remand for further proceedings consistent with this opinion.
 

 Reversed, mid. Remanded.
 

 POLEN and FARMER, JJ., concur.
 

 [1]
 

 . The statutory maximum sentence for Hum-mel’s crime was fifteen years.
 

 [2]
 

 . Rule 3.170(g)(2) provides as follows:
 

 (2) Unless otherwise stated at the time the plea is entered:
 

 (A) The state may move to vacate a plea and sentence within 60 days of the defendant’s noncompliance with the specific terms of a plea agreement.
 

 (B) When a motion is filed pursuant to subdivision (g)(2)(A) of this rule, the court shall hold an evidentiary hearing on the issue unless the defendant admits noncompliance with the specific terms of the plea agreement.
 

 (C) No plea or sentence shall be vacated unless the court finds that there has been substantial noncompliance with the express plea agreement.
 

 (D) When a plea and sentence is vacated pursuant to this rule, the cause shall be set for trial within 90 days of the order vacating the plea and sentence.