PER CURIAM.
Robert Hummel appeals a final order denying his rule 3.850 motion after an evidentiary hearing, on remand from a prior summary denial. We reverse and direct the trial court on remand to resen-tenee him for violating his community control in L.T. case no. 03-2284 in accordance with the negotiated plea agreement that the trial court vacated prior to giving him a significantly longer sentence.
Hummel entered a no contest plea to delivery of cocaine in his 2003 case and was on community control when an affidavit of violation of community control (VOCC) was filed against him, alleging only technical violations. In March 2005, *128 he executed a written agreement providing for him to plead no contest in return for a sentence of 61.05 months concurrent with the same sentence for L.T. case no. OS-424, in which he was charged with a new offense, robbery with a weapon. During the plea colloquy, the trial court found the knowing voluntary waiver of rights and a factual basis to accept the plea, but deferred sentencing until the afternoon. Nothing in the written plea agreement conditioned the plea on Hummel’s testifying against his co-defendant in the robbery case, and nothing was said during the colloquy about such a condition.
At the afternoon hearing, after initially sentencing Hummel to 61.05 months, the trial court stated that part of the condition for the resolution was that, if subpoenaed, Hummel would give truthful testimony in the robbery matter. When Hummel insisted he would not be testifying, the prosecuting attorney indicated that if the state was not to have his testimony, then there was no inducement for the plea offer. The trial court declared the plea to be vacated. Following a VOCC hearing, the trial court found Hummel guilty, revoked his community control, and sentenced him to the statutory maximum of fifteen years. Thereafter, a jury acquitted him of the robbery; the co-defendant was found guilty and was sentenced to life.
In the instant rule 3.850 motion, Hum-mel raised three claims of ineffective assistance of counsel for failing to object to: (1) the trial court’s withdrawing the plea; (2) the prosecutor and the court’s adding a condition to the plea that was not part of the written or oral plea agreement; and (3) his resentencing. The trial court summarily denied the motion, Hummel appealed, and this court reversed. Hummel v. State, 34 So.3d 788 (Fla. 4th DCA 2010).
This court’s opinion in the prior appeal reads in pertinent part as follows:
The record does not conclusively refute Hummel’s position that he never agreed to testify against his co-defendant as a condition of the plea agreement. The record contains no written plea agreement containing the condition that he testify against a co-defendant. No such condition was imposed before his plea was accepted and he was sentenced. If the plea agreement contained that condition, the judge should have been advised it was part of the agreement before the plea was accepted. Fla. R. Crim. P. 3.170(g)(1) (“Whenever a plea agreement requires the defendant to comply with some specific terms, those terms shall be expressly made a part of the plea entered into in open court.”). Then, if Hummel failed to comply with his agreement, the state could have moved to withdraw from the plea pursuant to Florida Rule of Criminal Procedure 3.170(g)(2). See, e.g., Spencer v. State, 623 So.2d 1211 (Fla. 4th DCA 1993) (reversing sentence in excess of initial sentence imposed pursuant to plea agreement, where plea agreement required defendant to testify truthfully if required, but, after original sentencing, defendant gave a statement that was less favorable to the state than the one he had given before entering the plea agreement, and state requested a higher sentence based on defendant’s breach of plea agreement; finding defendant did not breach agreement and reversing for resentencing).
This case is most like McCoy v. State, 599 So.2d 645 (Fla.1992), in which the supreme court held that where the terms of the plea agreement allegedly violated were not part of the court record, a trial court could not vacate a plea and sentence already entered and impose a harsher sentence. The court or *129 dered the original sentence to be reinstated.
The state’s position, that the condition of testifying had been clearly conveyed to Hummel prior to the plea proceedings, is not a matter of record. Cf. McFord v. State, 877 So.2d 874, 877 (Fla. 3d DCA 2004) (affirming conviction and sentence, where the trial judge made the terms of the substantial assistance agreement “crystal clear” during the plea colloquy and the evidence supported the conclusion that defendant violated the agreement). In this case, the factual question of whether Hummel was aware of the condition before entering the plea should be resolved in the course of an evidentiary hearing.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
Id. at 790-91 (footnote omitted; emphasis added).
On remand, the trial court held an evi-dentiary hearing to resolve the factual question of whether Hummel was aware of the condition of testifying at the co-defendant’s trial before entering the plea. The court heard testimony from Hummel and from the attorney who had been appointed to represent him at the time of the plea.
According to Hummel, the first time he heard he would have to testify was not until the afternoon hearing when the trial court said it. He maintained he knew nothing about testifying against a co-defendant before his plea agreement was signed. He testified that while counsel might have agreed to such a condition, it was not conveyed to him.[1]
Hummel’s prior attorney testified to remembering the prosecutor saying he wanted to know what Hummel knew about the robbery, but he did not specify any particular information. Though Hummel’s prior attorney expressed reluctance in using the term “condition,” he testified he would have presented the prosecutor’s request to Hummel — however, at the hearing, he had no independent recollection of doing so. He did testify that he spoke to Hummel after the morning session, to tell Hummel that the prosecutor would like some information about the co-defendant, and that Hummel would have to give information if the prosecutor asked for it. But when he was asked specifically whether he told Hummel that “prior to the plea,” he replied as follows:
Well, I would like to believe I always tell the truth in the courtroom, that’s why I said I would like to believe that. I specifically recall ... I told him if you know something you got to tell [the prosecutor], that’s something [the prosecutor] is requiring. I don’t know if Robert heard me, maybe there was an issue where he didn’t understand what I was talking about, that I can’t speculate to but I do know for a fact I told him.
When asked why he was saying he did not know if Hummel heard him, Hummel’s prior attorney continued to describe the event as follows:
The way you and I are speaking, no. I was seated right next to him in the box because he was in custody, I know there’s always a lot of action going on in [the] courtroom especially in the morning session, and I know I sat next to him and I said Robert, the guy, meaning [the prosecutor], wants some information and he said, okay, or something to that affect [sic]. I said, if you know something tell me so I can tell [the prosecutor], hey, he knows something. If you don’t there’s no need for us to come back in the *130 afternoon, say to me, Robert, I don’t know anything and I won’t waste either of our times.
Hummel’s prior attorney did not say whether Hummel told him he had information for the prosecutor.
Regarding the trial court’s statement at the beginning of the afternoon session that he had been informed by counsel of the plea condition, Hummel’s prior attorney acknowledged that either he or the prosecutor told the trial court they had come to that agreement — but he acknowledged that this conversation may have taken place during a sidebar.
Hummel’s prior attorney was asked if he believed it would have been appropriate to object when the trial court determined to go forward with the VOCC hearing the next day because Hummel refused to comply with the condition. The attorney responded that he continued to be uncomfortable with the term “condition.” He acknowledged it was “attached to the offer,” but explained, “Mr. Hummel was always very reluctant to give information because he felt he didn’t have any to give.... It was part and parcel of what [the prosecutor] had wanted, not what Mr. Hummel wanted, but what [the prosecutor] wanted.” He insisted that Hummel understood, when he came back for the afternoon session, that he “was going to give some information at that point.” Either he or [the prosecutor] had explained that to the trial court. When asked to recap that he could not object because it was a condition he had explained to the trial court, Hummel’s prior attorney repeated, “I clearly, definitely told [Hummel], I said, if, if you know something, that’s definitely something I would say, if you know something tell me, if you don’t let me know so that I’m not misleading [the prosecutor] and/or the Judge by extension.”
On cross-examination by the defense, Hummel’s prior attorney acknowledged he had no independent recollection of having a conversation about the plea with Hum-mel in jail, or telling him about the condition in jail. When asked whether he specifically told Hummel he would have to testify against his robbery co-defendant, he said he did not think he would have used that language: “I think what I said was at some point down the road if [the co-defendant] goes to trial they may subpoena you and you have got to testify truthfully, but whether I said to him you will be an actual witness the day of trial, that ... I don’t recall.” Hummel’s prior attorney maintained that Hummel would have known what the prosecutor wanted for two reasons: “[0]ne, I think we spoke about it toward the end of the morning calendar when it was relatively quiet.... And number two, I certainly conveyed it.”
At the conclusion of the hearing, the trial court took the matter under advisement. Thereafter, it denied the motion. It set forth the factual question to be resolved that this court had identified: whether Hummel was aware of the condition to testify truthfully against his robbery co-defendant before entering the plea. The trial court reiterated the substance of the testimony and, based on the evidence, it concluded that Hummel’s prior attorney’s performance was not deficient. It found that, before he entered his plea, Hummel was aware of the condition to provide information and truthful testimony regarding the crime and the co-defendant, crediting his prior attorney’s testimony that he told Hummel about the condition in the morning, and it was not mentioned in open court to protect Hummel from speaking in front of other defendants in the courtroom. The court found the condition was part of the plea deal before Hummel entered the plea, and Hummel was properly sentenced to fifteen years after he refused to accept this condition and the plea offer was withdrawn.
*131 This appeal followed. A trial court’s factual findings are given deference so long as they are supported by competent substantial evidence. Courts employ a mixed standard of review, deferring to the trial court’s factual findings that are supported by competent, substantial evidence in the record. E.g., Derrick v. State, 983 So.2d 443, 450 (Fla.2008).
Upon review, we agree with Hummel that, in this case, the trial court’s findings are not supported by competent, substantial evidence. At no point did Hummel’s prior attorney testify that he specifically told Hummel about the condition to testify against his co-defendant before entering his plea. He testified only that he told Hummel that the prosecutor wanted some information about the co-defendant after the morning session in which the plea was accepted. Though Hummel’s prior attorney apparently was aware of the condition, the issue was whether Hummel was aware of the condition before he entered his plea. All the testimony showed was that at some point during the morning, prior counsel told Hummel that the prosecutor would want to know what Hummel knew about the robbery, if anything.
Accordingly, we vacate the order denying Hummel’s rule 3.850 motion and remand the case with directions to resen-tence Hummel to 61.05 months in L.T. case no. 03-2284, with credit for time served. Because it seems likely that Hummel will be entitled to release immediately upon his resentencing, we direct the trial court to act expeditiously in this matter upon issuance of our mandate.

Reversed and Remanded.

STEVENSON, GERBER and FORST, JJ., concur.

. On re-direct, Hummel did admit to his own postconviction counsel that it was “possible” he was told he would be required to testify truthfully and just forgot, but promptly qualified that by saying it was "unlikely” and "[i]t is something I would remember.”